OPINION OF THE COURT
Stanley S. Ostrau, S.
In this motion by proponents to suppress improperly obtained information and to disqualify contestants’ counsel, proponents rely on Matter of Weinberg (129 AD2d 126), asserting that in three known instances nonparty subpoenas were served by contestants’ counsel without serving notice on proponents as required by CPLR 3120 and 3107. These subpoenas requested the appearance of a representative of nonparties or *603 in lieu thereof they could produce the relevant documents. In response to this motion, contestants have cross-moved seeking to compel proponents to consent to the release by a Delaware bank of all documents and information pertaining to decedent and her closely held corporations and to disqualify proponents’ counsel for engaging in deceptive discovery practices.
Counsel for contestants have admitted to serving the "technically improper” subpoenas without notice to proponents on 4 banks in New York, 4 banks in the State of Delaware and upon 2 doctors who treated decedent.
The court in a recent decision set forth the final perimeters of pretrial discovery in this matter (see, Estate of Kochovos, NYLJ, Oct. 5, 1987, at 15, col 3). As per this decision, a further examination before trial of proponent, Penelope Danias, was permitted and she was directed to supply "full and complete answers” and any documents or records concerning specific asset transfers purportedly made by the decedent from 1976 through November 4, 1983. "Questions concerning proponent’s knowledge and involvement in decedent’s finances, particularly her banking transactions” were also required to be fully answered and documents and records relating thereto provided.
The particular facts and the egregious conduct of counsel in Matter of Weinberg (129 AD2d 126, supra) were significant factors in the result reached in that case. In Matter of Weinberg (supra), it was the damage and unfair advantage achieved therefrom juxtaposed to the status quo prior to unauthorized disclosure which led the court to hold that only both the suppression of documents and disqualification of counsel could effectively rectify the transgression. Disqualification in Matter of Weinberg (supra, at 141) was viewed in the context of "whether, given the blatant abuse with which we are here confronted, involving willful disregard of procedural rules, deceit, and the covert acquisition of otherwise unobtainable privileged material, suppression is sufficient to deter such conduct and insure the integrity of the process.”
In the case at bar, the documents and records contestants’ counsel obtained through the use of said subpoenas appear to be documents and records that proponents would have had to have supplied prior to proponent Penelope Danias’ upcoming deposition. Although counsel for contestants must be and are criticized for their overzealous and grossly improper practice of using an impermissible tactic in obtaining documents to *604 which their clients were entitled, no party has achieved an unfair advantage as a result thereof. None of the material obtained was privileged. Here, unlike Weinberg (supra), counsel did not misrepresent the status of the client or falsely indicate that the material would be shared with his adversary. In short, there is no fruit from the poisonous tree which will taint the trial.
The practical effect of granting the application to disqualify objectants’ counsel would be to deny contestants the counsel of their choice and also delay the proceeding to the detriment of all parties. Accordingly, this court is constrained to deny this branch of the application.
Similarly, contestants’ cross motion to disqualify proponents’ counsel for engaging in deceptive discovery practices is denied. The temerity of this application is akin to the kettle calling the pot black. To the extent that counsel for proponents’ compliance with stipulations regarding discovery might have been with less than all deliberate speed, such dilatory tactics pale in comparison to the conduct of counsel for objectants. However, proponents are reminded that, as per the decision of this court, contestants would be entitled to any documents or records concerning specific asset transfers purportedly made by the decedent from 1976 through November 4, 1983. Documents and records relating to decedent’s banking transactions were also to be supplied as per this decision. This would include records of the banks in the State of Delaware. Should such records not exist both proponents should so state.
There remains for determination the application to suppress. All records, documents and information relating to the affairs of decedent and her related closely held corporations concerning the period prior to January 1, 1976 and subsequent to November 4, 1983 are hereby suppressed and proponents’ motion to suppress is granted to that extent and is denied in all other respects. Moreover, counsel for contestants is directed to supply copies of all documents and records obtained pursuant to unauthorized subpoenas and to supply proponents with a list of persons with whom discussions were had relative to the information obtained.