OPINION OF THE COURT
Stanley S. Ostrau, S.
In this much litigated probate contest, contestants served upon proponents a request to produce pursuant to SCPA 1412 (4), citing Matter of Devine (126 AD2d 491). In response to this request, proponents have moved for a protective order denying the discovery sought by contestants. Contestants thereafter cross-moved to compel production of documents pursuant to SCPA 102 and 1412 (4).
*1010 Contestants’ application pursuant to SCPA 1412 (4) closely resembles the schedule served with contestants’ notice of deposition dated June 19, 1986 and also contestants’ more recent request to produce pursuant to CPLR 3120. The major difference is that the SCPA 1412 (4) application requests documents and papers of the decedent for a time period in excess of 75 years, from decedent’s birth on or about May 1906 to her date of death on November 4, 1983, while the other two requests seeks these items only for the relevant discovery period previously designated by the court, from January i, 1976 to November 4, 1983.
It should be noted that the court recently rendered a decision concerning contestants’ request to produce pursuant to CPLR 3120 dated October 9, 1987 (see, Matter of Kochovos, 137 Misc 2d 602). While the court is mindful of the clear import of Matter of Devine (supra, at 493) that SCPA 1412 (4) provides an "other procedure” for disclosure in probate proceedings that preempts CPLR article 31, the facts under consideration in this proceeding are clearly distinguishable. The order for preliminary letters relied upon in Matter of Devine (supra, at 492) tracked the language of subdivision (4) of SCPA 1412, and directed the preliminary executor to "retain custody of and carefully preserve all papers of the decedent and [to] make them available for examining and copying by any person or persons interested in the decedent’s estate”.
In the instant matter, the original order granting preliminary letters and all subsequent orders extending these preliminary letters do not contain the specific language found in the preliminary letters involved in Matter of Devine (supra) and the holding is not controlling in the case at bar. Absent such specific language in the order, SCPA 1412 (4) clearly indicates that the extent to which papers shall be made available for examination and copying is left to the discretion of the court. Specifically, the law provides that "the court * * * may make such directions as it deems proper and necessary in respect of the custody and preservation of all papers of the decedent * * * by any person * * * interested in the estate” (emphasis added).
However, the court cannot discern any reason why contestants who, at this juncture, must be deemed persons interested in the decedent’s estate (SCPA 103 [39]) should not be permitted to examine and copy decedent’s papers. Nor can the court discern any harm that might inure to decedent’s estate by allowing contestants access to those of decedent’s papers *1011 which have already been collected. Preliminary executors can be required to make assets and papers of a decedent available for examination and copying by all parties having an interest in the estate (see, Matter of Hirsch, NYLJ, Oct. 27, 1987, at 17, col 4).
Accordingly, pursuant to the court’s discretionary authority under SCPA 1412 (4), the preliminary executors are directed to make all papers of the decedent in their possession available for examination and copying. Said papers of decedent shall be made available at the offices of the attorneys for the preliminary executors and all expenses of copying shall be borne by the contestants. The fiduciaries shall be under no obligation to segregate the documents that contestants listed in their request for production or to try to obtain from third parties requested documents that have not already been garnered. All of the pending applications are granted to the extent hereinabove indicated and in all other respects are denied.