■     ARLINE TYRRELL, Appellant, v LOUIS TYRRELL et al., Respondents.— In an action *inter alia* for support, plaintiff appeals (1) from an order of the Supreme Court, Queens County, dated May 28, 1976, which, *inter alia,* denied her motion (a) to punish certain nonparty corporate witnesses for contempt for failure to comply with a subpoena duces tecum and (b) to direct the said corporations and a certain individual to appear for examinations before trial, (2) from a second order of the same court, also dated May 28, 1976, which, *inter alia,* (a) directed her to appear at an examination before trial, (b) terminated defendant's deposition and (c) directed her to file a note of issue and (3) from so much of a third order of the same court, also dated May 28, 1976, as referred her application for a wage deduction order pursuant to section 49-b of the Personal Property Law to the trial court. First two afore-mentioned orders affirmed, and third afore-mentioned order affirmed insofar as appealed from, all without costs or disbursements. Plaintiff never moved for an order pursuant to CPLR 3120 (subd [b]) directing the nonparty witnesses to produce documents for inspection. Accordingly, their failure to produce said documents cannot result in their being held in contempt. Special Term also denied the branch of plaintiff's motion which sought to compel examinations before trial of the nonparty witnesses. Depositions of officers of the corporations involved would not substantially supplement the information that plaintiff already has; it would amount to harassment of the witnesses. On those grounds, the said motion was properly denied. Plaintiff had been instructed, in an order of the same court dated January 26, 1976, to expedite all pretrial procedures. Her failure to appear for her deposition and to file a note of issue, and her attempt to adjourn defendant's deposition, served to delay readying the case for trial. There are many unanswered questions concerning defendant's financial condition, and the question of whether a wage deduction order should issue can best be answered by the trial court. Plaintiff never sought a judgment for arrears at Special Term. Thus, no consideration has been

given to her request for such relief on this appeal. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.