■ In the Matter of DEAN WITTER REYNOLDS, INC., Appellant, v NEW YORK STATE EXECUTIVE DEPARTMENT, DIVISION OF HUMAN RIGHTS, Respondent. —

Order and judgment (one paper) of the Supreme Court, New York County (Morris Goldman, J.), entered on August 16, 1982, which denied the petition to modify and/or quash an administrative subpoena duces tecum issued by respondent New York State Division of Human Rights and directed petitioner to comply with the subpoena, is modified, on the law, the facts and in the exercise of discretion, to the extent of granting the petition to quash items Nos. 1 and 17 and limit items Nos. 13 and 14 to the New York office with all names deleted, and otherwise affirmed, without costs or disbursements. Item No. 1 of the subpoena duces tecum demands copies of the EEO-1 form for the years 1976 to 1980 inclusive. However, these reports are available upon request to respondent New York State Division of Human Rights from the Equal Employment Opportunity Commission, and petitioner is under no affirmative duty to furnish them. (See *New York State Div. of Human Rights v Nationwide Mut. Ins. Co.,* 74 AD2d 16, affd 53 NY2d 1008.) As to item No. 17, which seeks the complete personnel files of certain enumerated individuals, respondent has failed to demonstrate the necessity and relevancy of this material sufficient to overcome the right to privacy which the employees involved have in the information contained in their personnel records. Item No. 13 requests documents reflecting the following information for all persons terminated for lateness during 1979 and 1980: names, dates of hire, dates of termination, race and color of all persons. Item No. 14 seeks copies of the three final job performance evaluations for all persons terminated in 1979 and 1980 for lateness. While the material being demanded here is a proper subject for respondent's review, the names of the individuals concerned should be deleted to protect their confidentiality. Moreover, as agreed to by respondent, this information need relate only to employees terminated for lateness in petitioner's New York City office. Concur — Sullivan, J. P., Asch, Bloom, Fein and Milonas, JJ.