█ In the Matter of LEO M. SHORE, Individually and as Shareholder in PARKLANE HOSIERY COMPANY, INC., for Determination of the Value of His Shares. ANGELO C. PAPPALARDO et al., Respondents-Appellants; PARKLANE HOSIERY COMPANY, INC., Appellant-Respondent. — In an appraisal proceeding pursuant to Business Corporation Law § 623, Parklane Hosiery Company, Inc. (Parklane) appeals from so much of an order of the Supreme Court, Nassau County (Widlitz, J.), dated September 13, 1983, as denied its motion for leave to conduct prehearing discovery of petitioners' counsel and experts on the issue of the reasonable value of their services, and petitioners cross-appeal from so much of the same order as denied their cross motion for reciprocal prehearing discovery of Parklane's counsel and experts.

Order affirmed, with costs to petitioners.

The genesis of the instant appeals dates back to an event which occurred over 10 years ago. The petitioners, stockholders

of Parklane, had dissented from the 1974 decision to merge Parklane with another corporation. The merger transaction had previously been the subject of extensive litigation before a Federal court. Further conflicts emanating from this merger have been resolved by this court on two prior occasions (*see, Matter of Shore [Parklane Hosiery Co.]*, 67 AD2d 526, *lv dismissed* 48 NY2d 634; *Matter of Shore*, 96 AD2d 765).

The instant statutory appraisal proceeding pursuant to Business Corporation Law § 623 was commenced in 1975. The proceeding has spawned a request by petitioners for an award of counsel fees, expert fees and disbursements, amounting to quite a substantial sum.

By order dated May 18, 1982, Special Term directed that an evidentiary hearing be held on the issue of the reasonable value of the services necessarily rendered on behalf of the petitioners. Parklane thereafter sought leave of the court to conduct pre-hearing discovery on this issue, pursuant to CPLR 408. Petitioners cross-moved for reciprocal relief.

In our opinion Special Term properly denied both the motion and the cross motion.

Unlike CPLR article 31, which "envisages a maximum disclosure of facts with a minimum of judicial supervision" (*see, Wiseman v American Motors Sales Corp.*, 103 AD2d 230, 232), CPLR 408 requires that "Leave of court shall be required for disclosure". This requirement was intended to preserve the summary nature of a special proceeding (*see*, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C408:1, p 527). In a proceeding of this magnitude, discovery will significantly delay the resolution of the fee issue. "Contests over fees should not be permitted to evolve into exhaustive trial-type proceedings. Apart from the burden this would impose on * * * [c]ourts, many factors used in calculating the fee award can usually be resolved with a reasonable degree of accuracy based on an adequately documented fee application" (*see, National Assn. of Concerned Veterans v Secretary of Defense*, 675 F2d 1319, 1324). Permitting discovery would undoubtedly entail a "monumental inquiry on an issue wholly ancillary to the substance of the lawsuit" (*see, Copeland v Marshall*, 641 F2d 880, 896).

In our view, Parklane has not demonstrated an " 'ample need' " for discovery (*New York Univ. v Farkas*, 121 Misc 2d 643, 644, quoting from *Antillean Holding Co. v Lindley*, 76 Misc 2d 1044). The information it seeks would result in a burdensome task for the fee applicants, and the documents it requests are not

readily capable of being produced in a relatively short period of time (*see, New York Univ. v Farkas, supra*).

Nor have the petitioners demonstrated to the satisfaction of this court that the information they seek from Parklane is necessary to the resolution of the fee issue (*see, Matter of Katz* [*Burkin*], 3 AD2d 238, 239). An exhaustive search of the materials and documents possessed by the respective parties, attorneys and experts will not clarify the relevant issues and will certainly not expedite the matter. Accordingly, we conclude that Special Term properly exercised its discretion in denying prehearing discovery (*see, Matter of Pasta Chef v State Liq. Auth.*, 47 AD2d 713).

We have reviewed the parties' other contentions and find them to be without merit. Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.