■ In the Matter of the Estate of FIFI KOCHOVOS, Deceased. PENELOPE DANIAS et al., Appellants; FIFI KOCHOVOS et al., Respondents.

In this probate proceeding, the law firm of LeBoeuf, Lamb, Leiby & MacRae, representing the contestants, served 15 separate judicial subpoenas duces tecum during the conduct of discovery without notifying the proponent. These subpoenas were served on various banks and on two doctors, all nonparties to the action, and commanded attendance at a deposition and production of certain records. At the later deposition of the proponent Penelope Danias, information that had been obtained through the service of these subpoenas was used by LeBoeuf, Lamb during the examination of the witness.

The deceptive practice of counsel in engaging in this type of covert discovery warrants severe criticism. The service of subpoenas on these nonparty witnesses, requiring production of documents and attendance at a deposition, without notice to the other parties to the action violates the express provisions of CPLR 3107 and 3120 (b), which require notice to all adverse parties when such discovery devices are served on nonparties. The conduct here involved evinces an unprincipled approach to the practice of litigation and is deplored.

Notwithstanding our extreme disapproval of the tactics employed by counsel, we affirm the well-reasoned decision of the Surrogate denying the relief requested by the proponents. None of the material obtained was privileged, and there is no showing that counsel would not have been entitled to obtain the documents at issue in the normal course of discovery, properly conducted. Thus, the contestants did not obtain an unfair advantage despite the use of impermissible tactics. The Surrogate, therefore, properly denied the broad scope of suppression requested by the proponents.

That branch of the motion which sought to disqualify counsel was also properly denied. As Surrogate Ostrau appropriately noted, the practical effect of disqualification would be to deny the parties the counsel of their choice and also delay the proceedings to the detriment of all concerned.

This case is to be distinguished from *Matter of Beiny (Weinberg)* (129 AD2d 126, *rearg and lv denied* 132 AD2d 190). In *Beiny,* the deceitful conduct of counsel was not only substantially more egregious than the conduct of counsel here, but also resulted in the acquisition of otherwise unobtainable privileged material to the serious disadvantage of the other parties and to the damage of their cases. In *Beiny,* therefore, suppression of the documents and disqualification of counsel were both necessary in order to rectify the situation and to prevent the offending law firm from realizing any unfair

advantage from its surreptitious acquisition of privileged material. Neither of those factors is here present. Concur—Kupferman, J. P., Ross, Asch, Kassal and Ellerin, JJ. *[See,* 137 Misc 2d 1009.]