■ MESTEL & COMPANY, INC., Appellant, v SMYTHE MASTER-SON & JUDD, INC., et al., Respondents, and KIRKLAND & ELLIS, Respondent-Appellant. [627 NYS2d 37] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered May 31, 1994, which, after a non-jury trial, dismissed plaintiff's amended complaint in its entirety, and which granted judgment in favor of defendant Smythe Masterson & Judd ("defendant Smythe") as against defendant Kirkland & Ellis ("K&E") on its interpleader cross-claim in the sum of $259,530, together with interest thereon from June 1, 1991, unanimously affirmed, without costs.

In a nonjury trial, the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not have been reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of the witnesses (Thoreson v Penthouse Intl., 80 NY2d 490, 495). Applying the foregoing standard of review, we find that the trial court, after considering the conflicting testimony and evidence adduced at the nonjury trial, properly dismissed plaintiff's amended complaint against defendants Smythe, Weintraub and Lindsey, seeking a placement fee, lost profits and injunctive relief for unfair competition and theft of trade secrets in connection with the placement of attorney Edward Cowen as a partner at defendant K&E, based upon the court's determination that the plaintiff had failed to prove that former employee Weintraub had taken and transmitted any confidential records or proprietary information of the plaintiff to defendant Lindsey or Smythe.

In dismissing plaintiff's contract claims, the trial court relied upon the defendants' detailed and corroborated showing that defendant Lindsey, and not the plaintiff, was the procuring cause of the Cowen placement (cf., Barrister Referrals v Windels, Marx, Davies & Ives, 169 AD2d 622), and that defendant K&E had not undertaken a scheme to avoid payment of the commission (Thomson McKinnon Sec. v Cioccolanti, 161 AD2d 523, 524).

Nor was a prior decision of a court of coordinate jurisdiction which denied defendants' motion for summary judgment law of the case barring the trial court from dismissing plaintiff's contract claim as against defendant K&E.

The record reveals that the trial court did not abuse its discretion in quashing two subpoenas duces tecum issued by plaintiff during trial, where, as here, plaintiff improperly

utilized the overbroad trial subpoenas as a discovery device and a fishing expedition to secure from defendant Smythe wide-ranging discovery that plaintiff's counsel had neglected to obtain in pretrial disclosure during the three years preceding trial *(Matter of Terry D.,* 81 NY2d 1042).

The trial court also properly determined that defendant K&E was required to pay defendant Smythe $259,530 plus interest from June 1, 1991, representing 30% of Cowen's total first year compensation of $865,100 as a K&E partner, as a placement fee for the Cowen placement, based upon evidence of the course of dealing between the parties with respect to other contemporaneous attorney placements, as an appropriate basis for the *quantum meruit* award *(United States v Bedford Assocs.,* 657 F2d 1300, 1311, *cert denied* 456 US 914).

We have considered the remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.