(February 20, 1997)

■ SOHO GENERATION OF NEW YORK, INC., Appellant-Respondent, v TRI-CITY INSURANCE BROKERS, INC., et al., Respondents-Appellants. [653 NYS2d 924] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 15, 1996, which, *inter alia,* granted defendants' motion to disqualify plaintiff's attorneys to the extent of disqualifying Dennis J. D'Antonio, Esq., as trial counsel, unanimously modified, on the law, and defendants' motion to disqualify plaintiff's attorneys is denied in all respects, and otherwise affirmed, without costs. Order of the same court and Justice, entered April 15, 1996, which denied plaintiff's motion to quash subpoena duces tecum served upon it by defendant Tri-City In-

surance Brokers, Inc. and served upon its non-party accountant by defendant Keep, Inc., unanimously reversed, on the law, without costs, and plaintiff's motion granted. Order of the same court and Justice, entered the same date, which denied plaintiff's cross motion for summary judgment dismissing the sixth, seventh and eighth affirmative defenses of Tri-City and the first affirmative defense of defendant Keep, unanimously affirmed, without costs.

Defendants' conclusory allegations, made on the eve of trial, that the testimony of plaintiff's trial counsel would be "necessary" and "relevant", without more, were an insufficient basis for the IAS Court's disqualification of Mr. D'Antonio. By merely mentioning at his deposition that he had withdrawn plaintiff's claim upon the advice of counsel, plaintiff's president Mr. Mosery did not waive any attorney-client privilege by placing the subject matter of counsel's advice in issue or by making selective disclosure of such advice (*cf., Orco Bank v Proteinas Del Pacifico*, 179 AD2d 390). Notably, although it is the burden of the proponent of the privilege to establish each of its elements, anything Mr. D'Antonio told Mr. Mosery regarding withdrawal of the claim would undoubtedly involve communication of legal advice and not merely the non-privileged underlying facts (*see, Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377).

With regard to plaintiff's motion to quash defendants' subpoenas, although the use of "any and all" was not overbroad in this context, because in each instance the phrase modified a limited number of specific items (*cf., Grotallio v Soft Drink Leasing Corp.*, 97 AD2d 383), the subpoenas were improperly used as a substitute for pretrial discovery (*see, Matter of Terry D.*, 81 NY2d 1042, 1044; *Mestel & Co. v Smythe Masterson & Judd*, 215 AD2d 329). The claimed need to compel plaintiff to search for items that Mr. Mosery had asserted at his examination before trial to have been lost does not justify requiring their production, and the necessity for pursuing non-parties is not shown. While many of the items sought are undoubtedly relevant, it is neither plaintiff's nor this Court's role to " 'cull the good from the bad' " (*Grotallio v Soft Drink Leasing Corp., supra,* at 383). We have considered the parties' other contentions for affirmative relief on these cross appeals and find them unpersuasive. Concur—Murphy, P. J., Tom, Mazzarelli and Andrias, JJ.