OPINION OF THE COURT
David Goldstein, J.
*536 These applications raise novel issues dealing with the propriety of an attorney’s use of a judicial subpoena duces tecum to secure production of documents from a nonparty witness, without any application made pursuant to CPLR 3120 (b) and without notice to all parties to the underlying proceeding.
These are two separate applications to compel respondent to comply with two separate judicial subpoenas duces tecum, which had been served upon her in connection with two Division of Housing and Community Renewal (DHCR) proceedings (DHCR docket Nos. KL-130030-B, LA-130117-B). The proceedings were brought by the Bru-Mar Plaza Tenants Association, regarding 98-01 and 98-05 67th Avenue, Rego Park, New York. As far as appears, respondent, who is the president of the Tenants Association, is not a party to the DHCR proceedings, which were brought by the Association.
The subpoenas, served upon respondent as a nonparty witness, were used solely as disclosure devices, directing her to produce certain documents and records at the offices of the landlord’s attorneys, Kucker Kaus & Bruh, L. L. P. No notice of such was given to all named parties to the underlying DHCR proceeding and no motion was ever made, as required by CPLR 3120 (b). Respondent cross-moves to quash the subpoenas and to dismiss each proceeding upon various grounds, including, inter alia, that the procedure amounts to an improper attempt to secure discovery through the conduct of a fishing expedition.
The documents sought include the minutes of meetings of the Association, its membership list and records relating to the payment of dues. It is conceded that these have been sought to ascertain the identity of any tenants within the Association who do not wish to be parties to or affected by the DHCR proceeding. Clearly, the documents requested have no relationship with or bearing upon the merits of the issues in the administrative proceeding, which was brought to remedy an alleged decrease in services. Plainly, the prime purpose was to undermine the right and ability of the Tenants Association to proceed before the Division.
The Civil Practice Law and Rules addresses the matter of discovery as against both parties and nonparties. As to the latter, the statutory scheme permits an examination to be noticed by serving upon the witness a subpoena and notice "stating the circumstances or reasons such disclosure is sought or required.” (CPLR 3101 [a] [4]; 3106 [b]; 3107.) The notice may also provide for the production of books, records and documents to be marked as exhibits and used on the examination. *537 (CPLR 3111.) However, where a deposition is not sought and the sole purpose is to compel the production of documents, as to a nonparty witness, CPLR 3120 (b) directs that a motion must be made, on notice to all parties, with service of the notice of motion to be made upon the nonparty in the same manner as service of a summons. Proper service of the motion, it has been held, is a jurisdictional requirement (Ruiz v City of New York, 125 AD2d 661).
CPLR 3120 (b) provides in part as follows: "(b) As against non-party. A person not a party may be directed by order to do whatever a party may be directed to do under subdivision (a). The motion for such order shall be on notice to all adverse parties; the non-party shall be served with the notice of motion in the same manner as a summons.”
The use of a subpoena to attempt to compel disclosure from one not a party to the proceeding, without adherence to the legislative scheme provided by CPLR 3120 (b), is both improper and abusive. In Tyrrell v Tyrrell (54 AD2d 931), the Appellate Division, Second Department, refused to enforce a subpoena duces tecum, served upon a nonparty, since the party had failed to move for an order pursuant to CPLR 3120 (b). Although the Fourth Department has overlooked the impropriety of such procedure (DiMarco v Sparks, 212 AD2d 965; Matter of State of N. Y. — Off. of Mental Retardation & Dev. Disabilities v Mastracci, 77 AD2d 473), the First Department has criticized counsel for adherence to the practice of serving a subpoena duces tecum upon a nonparty, without a prior motion on notice pursuant to CPLR 3120 (b), especially where there are aggravating factors or circumstances. (See, Matter of Beiny, 129 AD2d 126, rearg and lv denied 132 AD2d 190, lv dismissed 71 NY2d 994; Matter of Kochovos, 140 AD2d 180; Safchik v Board of Educ., 158 AD2d 277; see generally, Bliss, Outside Counsel, Use and Abuse Of the Disclosure Subpoena, NYLJ, Aug. 5, 1997, at 1, col 1.) More recent decisions have continued to criticize the impropriety of service of a subpoena duces tecum upon a nonparty witness as a discovery device, to secure document production. (See, Soho Generation of N. Y. v Tri-City Ins. Brokers, 236 AD2d 276; Mestel & Co. v Smythe Masterson & Judd, 215 AD2d 329; see also, John C. v Martha A., 156 Misc 2d 222.)
In Matter of Beiny (supra), the law firm of Sullivan & Cromwell had served a subpoena to secure the production of privileged documents, without notice to all parties. It did so by resort to what the Court referred to as "covertly issued at *538 torneys’ subpoenas” (129 AD2d, at 132), which required appearance for an examination at counsel’s office. This was cancelled when the documents to be produced in conjunction with the examination were delivered one week before. The Appellate Division, First Department, suppressed the improperly obtained materials, referring to Sullivan & Cromwell’s conduct as "a deliberate and thoroughly unprincipled effort to obtain a litigational advantage by whatever means seemed useful, including deceit.” (Supra, at 136.) As a result of the "blatant abuse * * * involving willful disregard of procedural rules, deceit, and the covert acquisition of otherwise unobtainable privileged material,” the Court disqualified counsel, concluding that suppression alone was an inadequate remedy in that case. (Supra, at 141.) Upon the motion, inter alia, for reargument and renewal, Presiding Justice Murphy addressed the law firm’s claim that it had acted in a procedurally correct manner, observing that "[t]he argument was notable if only because it might have caused an applicant’s failure upon the Bar ex: amination, to say nothing of its use against Sullivan & Cromwell by its adversaries in other actions.” (132 AD2d, at 193.)
In subsequent cases, the First Department has continued to express its "extreme disapproval” of the tactic of using a subpoena to secure documents from one not a named party, concluding that the "deceptive practice of counsel * * * warrants severe criticism” (Matter of Kochovos, supra, at 181). This is a procedure which the First Department has referred to as a "highly questionable discovery tactic[ ]” (Safchik v Board of Educ., supra, at 279), "improperly used as a substitute for pretrial discovery” (Soho Generation of N. Y. v Tri-City Ins. Brokers, supra, at 277).
A subpoena is a process of the court, issued in conjunction with a trial or hearing. Its plain purpose is to foster a party’s ability to prove its case by compelling the attendance of witnesses or the production of documentary evidence. It is not a discovery device, nor may it be used as a substitute for pretrial disclosure.
In our case, counsel’s use of the subpoenas was a blatant disregard of the rules. No notice was given to the named parties to the underlying proceeding and no application was made pursuant to CPLR 3120 (b), as is required. The use of the subpoenas here was improper, employed to secure production of material with no direct bearing upon the issues before the DHCR. While, perhaps, the conduct was not as egregious as that in Matter of Beiny (supra), petitioners’ attorneys did have *539 multiple opportunities to withdraw the subpoenas and these proceedings to compel production, including when the court advised both sides on the record that it would consider the imposition of sanctions under part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.1). Nevertheless, counsel has remained steadfast in its adherence to a procedure which, on its face, is palpably improper. Notwithstanding two opportunities to do so, counsel has offered no "reasonable” argument to support the procedure, a silence which almost compels a finding that what was done here was frivolous, was "completely without merit in law or fact” and should warrant the imposition of sanctions.
Accordingly, upon the foregoing, both applications are denied, the cross motions granted, the subpoenas quashed and the petition in each proceeding dismissed. The parties are directed to appear before this court, at the General Courthouse, located at 88-11 Sutphin Boulevard, Jamaica, New York 11435, at Part 14 thereof, courtroom 24, on October 30, 1997, at 10:00 a.m., at which time the court will consider whether the circumstances warrant the imposition of sanctions in each proceeding. At such time, the parties shall be afforded "a reasonable opportunity to be heard” as to the nature, amount and scope of any award of costs or imposition of sanctions.