OPINION OF THE COURT
Marcy Friedman, J.
In this nonprimary residence holdover proceeding, respon *979 dent moves[1] to quash two trial subpoenas served by petitioner on New York Telephone (hereinafter Bell Atlantic) and Green-point Bank. These subpoenas seek, respectively, respondent’s telephone records and statements of bank accounts of respondent and his wife.
While an attorney of record for a party may issue subpoenas requiring the production of documents at a trial (see, CPLR 2301), it is well settled that “a subpoena duces tecum may not be used for the purpose of discovery or to ascertain the existence of evidence”. (Matter of Terry D., 81 NY2d 1042, 1044 [1993]; see, Mestel & Co. v Smythe Masterson & Judd, 215 AD2d 329 [1st Dept 1995]; Soho Generation v Tri-City Ins. Brokers, 236 AD2d 276 [1st Dept 1997].) “ ‘Rather, its purpose is “to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding” ’ ”. (Matter of Terry D., supra, at 1044, quoting Matter of Constantine v Leto, 157 AD2d 376, 378, affd for reasons stated at App Div 77 NY2d 975.) A trial subpoena may not be used as a “fishing expedition” to obtain materials that could have been obtained in pretrial disclosure. (See, Mestel & Co. v Smythe Masterson & Judd, supra, at 330.)
Petitioner’s subpoenas fail to comply with these standards.[2] The subpoena directed to Greenpoint Bank seeks “statements for all checking and savings accounts” held by Freddie Ali and his wife, Ursilla Ali, from January 1, 1993 through the present. Not only does this subpoena seek records of a nonparty, Ursilla Ali, but its request for information as to the amount of funds held by respondent and his wife, and the amounts of withdrawals, deposits and paid checks is highly personal without being relevant to a primary residence analysis.
The subpoena directed to Bell Atlantic seeks the telephone company’s entire file on “any telephone numbers” at three dif *980 ferent premises in which respondent purportedly has an interest (244 W. 16th St., Apt. 4RW, New York, NY; 3538 Tryon Ave., Bronx, NY; 280 Ninth Ave., Apt. 7G, New York, NY), for the time period from January 1, 1993 to the present date, including “all information regarding billing”, “all usage information”, and copies of bills “[including an itemization of all local and long distance calls” (emphasis in original) for unpublished numbers of respondent, his wife, and his son.
While some of the records sought may be relevant to petitioner’s claim that the subject premises is not respondent’s primary residence, the subpoenas go far beyond a request for specific identified documents and are clearly an attempt to gain discovery that petitioner failed to seek in the pretrial phase of the proceeding. (See, Soho Generation v Tri-City Ins. Brokers, supra.)
Even if petitioner could now use subpoenas to obtain discovery (which it may not), the material requested in the subpoenas goes to private matters including, in the case of the bank subpoena, the financial resources of respondent and his wife; and, in the case of the telephone company subpoena, the telephone numbers for every person called by respondent and his family. The materiality of this information to petitioner’s prosecution of its nonprimary residence claim against respondent is, at best, tenuous. Moreover, petitioner makes no attempt to limit the requests to take into account respondent’s legitimate privacy concerns. Petitioner thus fails to demonstrate the requisite “necessity and relevancy of this material sufficient to overcome the right to privacy” which respondent has in the information contained in the subpoenaed records. (See, Matter of Dean Witter Reynolds v New York State Executive Dept., Div. of Human Rights, 98 AD2d 676, 677 [1st Dept 1983].)
Further, where, as here, the requests are palpably overbroad, the court will not prune the requests to “ ‘cull the good from the bad’ ”, (See, Grotallio v Soft Drink Leasing Corp., 97 AD2d 383 [1st Dept 1983].)
Respondent’s motions to quash the subpoenas are accordingly granted.

. Respondent made two separate motions to quash the subpoenas served on Bell Atlantic and Greenpoint Bank. The motions are consolidated for determination.

. Contrary to petitioner’s suggestion in its memorandum of law, the appropriate standard to evaluate these subpoenas is, as stated in the text, the standard for trial subpoenas, not for discovery notices. The court does not evaluate the subpoenas at issue under the broader standard for CPLR 3120 notices to produce documents. Nothing on the face of the subpoenas indicates that they are intended to be CPLR 3120 notices. Nor are they properly treated as such: in summary proceedings, discovery is only allowed with leave of court. (See, New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983].) Here, however, there is no claim that petitioner sought leave of court or that the court ordered discovery of a nonparty in the form of notices to produce documents.