■ HERBERT ROBINSON, Appellant-Respondent, v VERED M. ROBINSON, Respondent-Appellant. [764 NYS2d 93] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered August 22, 2002, which, to the extent appealed from, granted defendant wife's motion for an award of pendente lite maintenance insofar as to require plaintiff husband to pay defendant $5,000 per month, unanimously affirmed, without costs. Order, same court and Justice, entered February 7, 2003, which, to the extent appealed from, granted defendant's motion for relief pursuant to CPLR 3103, insofar as to prohibit introduction of defendant's diary into evidence at trial on plaintiff's direct case for the truth of the statements contained therein, but allow its use to impeach defendant's credibility, unanimously reversed, on the law, without costs, and defendant's motion denied in its entirety.

While plaintiff husband contends that the award of pendente lite maintenance was in error because defendant wife waived her entitlement to such an award in the parties' prenuptial agreement, the agreement upon which plaintiff purports to rely also required him to pay defendant certain installments which, if paid, would have diminished, if not entirely obviated, any need for pendente lite maintenance. Accordingly, in light of plaintiff's refusal to make the payments required under the agreement which he seeks to rescind, he may not rely upon the agreement to avoid imposition of a pendente lite maintenance obligation, and, under the circumstances, the motion court's award, requiring plaintiff to pay defendant $5,000 a month in temporary support, retroactive to the date of the motion for pendente lite relief, to be deducted from husband's payments

under the prenuptial agreement if it is ultimately found to be valid, constituted a proper exercise of discretion.

In the second of the appealed orders, the court issued a protective order, pursuant to CPLR 3103 (c), prohibiting introduction of defendant's diary into evidence at trial on plaintiff's direct case for the truth of the statements contained therein, but allowing its use to impeach defendant's credibility. Although plaintiff did not obtain defendant's diary through proper means, the diary was not privileged and plaintiff would have been entitled to its production in the ordinary course of discovery. Accordingly, suppression of the diary pursuant to CPLR 3103 (c) was not warranted (*see Gutierrez v Dudock,* 276 AD2d 746 [2000]; *DiMarco v Sparks,* 212 AD2d 965 [1995]; *Matter of Kochovos,* 140 AD2d 180 [1988]). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Marlow, JJ.