OPINION OF THE COURT
Joseph E. Capella, J.
By notice of cross motion dated January 15, 2009, the respondent seeks dismissal of the instant summary holdover proceeding, suppression/preclusion of certain examination before trial *477 (EBT) transcripts (CPLR 3103 [c]), and sanctions (22 NYCRR 130-1.1), due to the petitioners’ counsel engaging in allegedly improper discovery. This summary proceeding is based upon the petitioners’ allegation that the respondent tenant, Kenneth Grayson (Kenneth), does not primarily reside in the subject rent-controlled apartment. On April 11, 2007, the parties settled the petitioners’ initial motion for discovery. It was agreed that Kenneth and the respondent undertenant, Carlton Colquitt (Carlton), who is seeking succession based upon nontraditional remaining family member status, would produce documents and appear for EBTs. During the course of the proceeding Kenneth died; however, there still remained to be resolved Carlton’s succession claim. During his EBT, Carlton testified that Kenneth’s son, Jay, and daughter, Cecelia, possess information relevant to his succession claim. Based on this, the petitioners, by notice of motion dated December 9, 2008 (discovery motion), sought leave of court to engage in discovery of these two individuals in the form of EBTs and document production. The motion was served upon said individuals, and attached as exhibits were the proposed subpoenas duces tecum and ad testificandum. As with all such subpoenas, they included language warning the recipients that “failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose benefit this subpoena was issued for a penalty and all damages sustained by reason of your failure to comply.” In the petitioners’ own memorandum of law in support of their discovery motion, they acknowledged that “discovery is generally thought of an [sic] antithetical to the purposes of a summary proceeding.” The petitioners’ counsel is correct and it is well established that EBTs, interrogatories, and most other discovery devices are not available as of right in summary holdover proceedings. (Clark v Kellog, NYLJ, July 28, 1982, at 6, col 1 [App Term, 1st Dept]; Savarese Real Estate Corp. v Stone, NYLJ, June 19, 1985, at 6, col 2 [App Term, 1st Dept]; New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983]; Scherer, Residential Landlord-Tenant Law in New York § 13:46, at 819 [2008-2009 ed].) Although disclosure is more freely granted in holdover proceedings, including disclosure as against nonparties, leave of court must first be obtained. (CPLR 408; Houston Vil. Apt. Co. v Zitin, 2001 NY Slip Op 40237[U] [App Term, 1st Dept 2001]; Steele v Acedevo, NYLJ, Mar. 28, 2002, at 21, col 1 [App Term, 1st Dept]; Matter of Shore, 109 AD2d 842 [2d Dept 1985].) Of course, there is nothing precluding the petitioners’ counsel from initially attempting to contact *478 nonparties to determine whether it is even worthwhile to seek an EBT and/or document production of said individuals. But it is paramount that once the decision is made to engage in discovery, leave of court must first be obtained. Requiring an order for disclosure preserves the summary nature of these proceedings (New York Univ. v Farkas, 121 Misc 2d 643 [1983], supra) and permits the court to structure discovery orders in such a way that the interests of all parties are safeguarded.
The petitioners’ discovery motion was returnable December 18, 2008 and, according to the petitioners’ counsel,
“within a few days of service of the motion, Mrs. Grayson (wife of Mr. Jay Grayson) initiated contact with your affirmant and called asking for further information regarding the motion . . . Mrs. Gray-son informed your affirmant that her husband would have no objection to voluntary [sic] appear at the office of your affirmant and provide information as to the relationship between [Kenneth] and [Carlton] ... [at Mrs. Grayson’s suggestion] your affirmant contacted [Cecelia who] informed your affirmant that she would have no objection to [likewise] voluntary [sic] appear.”[1]
According to Cecelia’s affidavit dated January 9, 2009:
“[B]efore the motion was heard I received a phone call from the Petitioner’s law firm . . . wherein I was ... to appear for a deposition at their firm and that I can forgo court attendance if I would appear at their office for the recorded examination. I am not really familiar with court procedure and, as such, in order to save time, avoid penalty or problems with the law I went to the attorney’s office as I was told to do and answered an in-depth set of questions asked by [petitioners’ counsel] with a stenographer present.”
On December 15, 2008, the petitioners’ counsel contacted the respondent’s counsel via e-mail seeking to adjourn the discovery motion, and both agreed to an adjournment date of January 27, 2009. There was no discussion regarding the recent communica *479 tion between the petitioners’ counsel, Mrs. Grayson and Cecelia. On December 19, 2008, Cecelia “appear[ed] in the office of Petitioner’s counsel and answer [ed] a number of questions concerning the relationship of [Kenneth] and [Carlton] before a stenographer.” Although it is obvious from the papers that an EBT of Jay was also undertaken, information regarding same, including the date, was not disclosed by the petitioners’ counsel. The respondent’s counsel never received notice of the EBTs, and to date, the transcripts have not been produced. On December 30, 2008, the petitioners’ counsel notified the respondent’s counsel that he would be withdrawing his discovery motion. Ultimately, the respondent’s counsel learned of the EBTs from his client, and on January 5, 2009, notified the petitioners’ counsel via e-mail that this conduct was sanctionable. That same day, the petitioners’ counsel replied that his “actions (while admittedly clever and shrewd) were wholly legal and in accord with proper practice.”
In support of his cross motion, the respondent cites the Appellate Term, First Department case of Henriques v Boitano (6 Misc 3d 129[A], 2000 NY Slip Op 50004[U] [2004]), which also involved the petitioners’ law firm. There the Appellate Term found that the nonparty subpoenas issued by petitioners’ counsel violated familiar and fundamental procedural rules since they were served without notice. It held that petitioners’ counsel chose to chart a course which it knew to be at variance with acceptable discovery practice, and suppressed the covertly obtained documents. Moreover, the Appellate Term held that it was not an abuse of discretion for the trial court to “impose sanctions for frivolous conduct . . . particularly given the unassailable record showing that counsel had previously engaged in and been admonished for similar discovery abuses.” (Id. at *2.) The respondent’s counsel also cites Matter of Brussels Leasing Ltd. Partnership v Henne (174 Misc 2d 535 [Sup Ct, Queens County 1997]), which also involved the petitioners’ law firm. There the Supreme Court held that “counsel’s use of the subpoenas was a blatant disregard of the rules. No notice was given to the named parties . . . and no application was made pursuant to CPLR 3120 (b), as is required.” (Id. at 538.) The court then adjourned the action to afford the parties “ ‘a reasonable opportunity to be heard’ as to the nature, amount and scope of any award of costs or imposition of sanctions.” (Id. at 539.)
The conduct by the petitioners’ counsel was a complete aberration of rudimentary principles of discovery within the context *480 of a summary proceeding. As already noted, and readily admitted by the petitioners’ counsel in his memorandum of law dated December 9, 2008, it is well established and a fundamental principal in summary holdover proceedings that leave of court must first be obtained before engaging in disclosure against parties and nonparties. (CPLR 408; Houston Vil. Apt. Co. v Zitin, 2001 NY Slip Op 40237[U] [2001], supra; Steele v Acedevo, NYLJ, Mar. 28, 2002, at 21, col 1, supra; Matter of Shore, 109 AD2d 842 [1985], supra.) The petitioners’ counsel clandestinely deposed two nonparty witnesses to this summary holdover proceeding, and is now in possession of improperly obtained evidence. Mere suppression (CPLR 3103 [c]) in no way assures that the tainted information obtained by design will not be used by the petitioners’ counsel to derive any further benefit. While the information obtained may be relevant, and the court may have granted discovery of these nonparty witnesses, the respondent’s counsel’s opportunity to object (and potentially appeal any negative decision) and the court’s primary role of ruling on these issues were usurped by the petitioners’ counsel. The conduct engaged in by the petitioners’ counsel exhibited a complete and deliberate disregard for the process by which discovery in a summary holdover proceeding is to be conducted, and this type of abuse cannot be countenanced. Ultimately, this court must preserve the integrity of obtaining disclosure in summary proceedings, and any sanction short of disqualification would treat the conduct at hand with a degree of lenity practically inviting its recurrence.
Therefore, based on the aforementioned, the respondent’s cross motion is granted to the extent of suppressing the EBT transcripts of Cecelia and Jay, awarding the respondent reasonable attorney fees for the instant cross motion,[2] and disqualifying the petitioners’ firm, Kucker & Bruh, LLP The proceeding will remain off calendar for at least 45 days so as to allow the petitioners an opportunity to obtain new counsel. This decision is without prejudice to the petitioners’ new counsel properly seeking discovery as against these nonparty witnesses.

. During oral argument, the court asked the petitioners’ counsel whether it would have been more prudent for counsel to suggest to these nonparty witnesses that they appear in court on the discovery motion return date and advise the court that they would consent to discovery. Counsel was adamant that once the nonparty witnesses agreed to the EBT, leave of court was no longer necessary.

. The amount of reasonable attorney fees shall be determined at the conclusion of the proceeding.