Missionary Sisters, Inc. c/o Halstead Mgmt. Co., LLC, Petitioner-Landlord-Appellant,
against
Vivien Fauerbach, Respondent-Tenant-Respondent - and - "John Doe," and/or "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its briefs, appeals from (1) that portion of an order of the Civil Court of the City of New York, New York County (Cheryl J. Gonzales, J.), dated March 13, 2015, which denied landlord's motion for leave to conduct discovery in a holdover summary proceeding, granted tenant's cross motion to disqualify landlord's attorney and, sua sponte, suppressed certain documents, and (2) an order (same court and Judge), dated August 28, 2015, which, upon reargument, adhered to the prior determination.




Per Curiam. 
Order (Cheryl J. Gonzales, J.), dated August 28, 2015, modified, to deny tenant's motion to disqualify landlord's attorney and to provide that the suppression of documents is without prejudice; as modified, order affirmed, without costs. Appeal from order (Cheryl J. Gonzales, J.), dated March 13, 2015, dismissed, without costs, as superseded by the appeal from the August 28, 2015 order.
We concur with Civil Court's expression of severe disapproval of the practice employed by landlord's counsel, who informally requested and obtained documents directly from the then-unrepresented, 86-year old tenant during the pendency of this holdover proceeding, without any judicial oversight (see CPLR 408). Counsel's conduct is particularly troubling, since his lawfirm has been sanctioned on other occasions for conduct "at variance with acceptable discovery [*2]practice" (Henriques v Boitano, 6 Misc 3d 129[A], 2000 NY Slip Op 50004[U] [App Term, 1st Dept 2000]; see Nagel v Grayson, 24 Misc 3d 476 [Civ Ct, New York Co 2009]; Matter of Brussels Leasing Ltd. Partnership v Henne, 174 Misc 2d 535 [Sup Ct, Queens Co 1997], app dismissed 256 AD2d 406 [1998]).
However, the harsh sanction of disqualification was not warranted here, since no showing was made that counsel acquired any unobtainable confidential or privileged information from tenant (see Greenfield v Lyons, 238 AD2d 281 [1997]). Nor was a final order of suppression warranted, since most of the documents at issue, including Con Edison statements and voter registration records, would be obtainable in the normal course of discovery, properly conducted, in this nonprimary residence proceeding (see CPLR 3103[c]; Matter of Kochovos, 140 AD2d 180, 181 [1988]; see also Cox v J.D. Realty Assoc., 217 AD2d 179, 183-184 [1995]). However, to prevent landlord from realizing any potential advantage from the irregular or improper acquisition of discovery, and to insure that the proper procedures are followed, we deem it "appropriate" (CPLR 3103[c]) to modify the suppression order to provide that it is without prejudice to a proper application for the
documents pursuant to CPLR 408.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 31, 2016