Chenault v Riverbay Corp. (2026 NY Slip Op 50364(U))

[*1]

Chenault v Riverbay Corp.

2026 NY Slip Op 50364(U)

Decided on March 17, 2026

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 17, 2026
Civil Court of the City of New York, Bronx County

Cherie Chenault, Petitioner,

againstRiverbay Corporation, New York City Dep't of Housing Preservation & Development, Respondents.

Index No. LT-002343-25/BX

Petitioner Pro SeCherie ChenaultRespondent's Attorney:Carla Bautista, Esq.Lazarus Karp Ehrlich McCourt, LLP 
145 West 30th Street, 7th FloorNew York, New York 10001 
(212) 564-1250

Diane E. Lutwak, J.

Recitation, as required by CPLR R 2219(A), of the papers considered in the review of Respondent Riverbay Corporation's Motion to Quash Subpoenas and Dismiss the Proceeding:
Papers Doc #Notice of Motion with Attorney's Affirmation, Agent'sAffidavits (2) and Exhibits A-I in Support 1,2,3,4,5-13 [NYSCEF #11]Affirmation and Exhibits A-F in Opposition 14,15-20 [NYSCEF #12]Affirmation and Exhibits J-M in Reply 21,22-25 [NYSCEF ##13-17]Upon the foregoing papers, and for the reasons stated below, Respondent Riverbay Corporation's motion to dismiss this proceeding is granted and the motion to quash subpoenas is denied as moot.
PROCEDURAL HISTORYThis is a tenant's Housing Part (HP) action commenced by Order to Show Cause and Verified Petition filed on August 18, 2025 by Petitioner Cherie Chenault (Petitioner) against Riverbay Corporation (Respondent) and the New York City Department of Housing Preservation [*2]and Development (DHPD) seeking remedies for violations in Apartment 19-H at 120 Benchley Place in the Bronx (the apartment) and harassment.
The Petition lists five conditions: "(1) asbestos; (2) chipping paint; (3) flooding; (4) broken/loose bath tiles; and (5) mold". As to harassment, Petitioner alleges Respondent failed to correct conditions and engaged in repeated acts or omissions that substantially interfered with Petitioner's comfort, peace or quiet, supported by the following statement:
-May 6, 2025 I made an "urgent request" to the Respondent's attorney as to the frequent ongoing issues with the apartment/co-op & building causing life threatening or unlivable environment with the home.
-August, 2021 Habitual harassment began in the rent/bookkeeping dept. The Respondent(s) rent/bookkeeping supervisor Shenese Talton placed a "hold" on the rent account causing arrears to accumulate. The Respondent repeatedly brought court cases & has violated Real Property Actions/Proceedings Law § 768 1.[A] (ii, iii, 2[A]". 
In the "Prior Relief" section of the Petition, Petitioner asserts that she brought a prior tort case against Respondent, Bronx County Supreme Court Index # 5994/23. An attached inspection request lists conditions of chipping paint and water damage in the bedroom; flooding in the living room; and broken/loose tiles, mold and leaking ceiling in the bathroom.
In response to the filing of the Petition, which was calendared in Part H for September 22, 2025, Respondent by counsel filed an Answer raising eight affirmative defenses including, inter alia, that Petitioner lacks standing to raise a harassment claim under Section 27-2005 of the New York City Admin Code (NYC Admin Code) as the apartment is a cooperative unit; lacks standing to commence an HP Action as she was the undertenant of the last shareholder and failed to complete a succession rights application; and is precluded under principles of res judicata and collateral estoppel from maintaining this proceeding as she raised the same claims in her Supreme Court case, which was dismissed for failure to state a cause of action.
Prior to the first court appearance in Part H DHPD filed an "Open Violation Summary Report" listing four "A" (non-hazardous) violations reported on dates between August 27, 2008 and April 22, 2022; fifteen "B" (hazardous) violations reported on dates between May 24, 2019 and April 22, 2022; and three "C" (immediately hazardous) violations reported on dates between August 6, 2019 and November 21, 2021.
The case was adjourned in Part H first to October 17, 2025 for the results of a DHPD inspection scheduled for October 9, 2025 and then to November 17, 2025 for a pre-trial conference. The Court's notes indicate that Petitioner was not willing to provide access; Petitioner alleged there was an asbestos issue; DHPD stated that asbestos issues would not be inspected by that agency; and Petitioner was told she could subpoena the Department of Health and/or move to consolidate this case with a pending eviction proceeding. On October 23, 2025 the Court signed two subpoenas Petitioner filed seeking production of "asbestos abatement records for Building 24, 120 Benchley Place, Bronx, NY 10475. June 9, 2025 — June 9, 2026" from "Safety & Health Regional Offices" in Room 157 of the "State Office Campus" in Albany, New York and "Cutlass Industrial, Inc." in Malverne, New York.
On November 17, 2025 DHPD filed an "Open Violation Report" reflecting eleven new violations reported on October 9, 2025: two "A" violations in the bathroom for painting and a mold condition (less than 10 square feet) and nine "B" violations for water leaks through ceilings in four other locations, plastering/painting in those four locations, and repair or replacement of a [*3]smoke detector. The case was transferred that day to this Trial Part T, and adjourned first to December 15, 2025 and then to February 9, 2026 for pre-trial conferences. On February 9, with the Court's permission and pursuant to a written stipulation with a briefing schedule, the case was adjourned to March 2 for motion practice. On March 2 the motion was adjourned to March 11 to await the outcome of an Order to Show Cause Petitioner had filed in LT-303785-25/BX, a nonpayment proceeding, returnable March 5, seeking to vacate the default judgment entered against her in Trial Part S on February 13, 2026. Petitioner also asked Respondent for a response to her request to be transferred to a different apartment, as she did not think it was safe for her and her children to remain in the apartment while repairs were being made to address the violations.
On March 11, Respondent's counsel reported back that Respondent was not willing to transfer Petitioner to another apartment. Counsel for DHPD reported that there were no existing violations requiring such a transfer and reiterated that DHPD does not inspect asbestos complaints. In response to the Court's efforts to assist the parties in scheduling access dates, Petitioner stated unequivocally that she was not willing to do so until Petitioner transferred her and her children out of the apartment. 
The Court took judicial notice of the file in Respondent's nonpayment proceeding against Petitioner, LT-303785-25/BX, entitled Riverbay Corporation, Petitioner (Landlord), v. James Scott, Respondent-Tenant, and Cheric Chenault, Kenneth Scott, Dajoh Young, "John Doe" and "Jane Doe", Respondents-Undertenants. The Petition is dated January 29, 2025, seeks arrears of $58,830.56, and states that the premises are not subject to Rent Control, Rent Stabilization or the Good Cause Eviction Law because "it is owned as a unit in a Cooperative Corporation". In her Answer dated August 18, 2025 and Amended Answer dated August 19, 2025 Ms. Chenault raised defenses and counterclaims based on her claims of conditions and harassment. By Decision/Order dated March 5, 2025 Housing Court Judge Dressler vacated the default judgment entered on February 13, 2026 and adjourned the case to April 27, 2026 at 2:15 p.m. for trial. A copy of the landlord's rent ledger filed in that case on March 4, 2026 shows current arrears of $116,916.71, with the only two payments made since July 2021 being one for $3500 on July 8, 2021 and one for $4800.21 on June 15, 2023. 
RESPONDENT'S MOTIONIn its motion, Respondent seeks an order quashing Petitioner's subpoenas pursuant to CPLR § 2304 and dismissing the proceeding pursuant to CPLR RR 3211(a)(1), (a)(5) and (a)(7). Respondent's agents assert in their supporting affidavits that the apartment's shareholder of record is James Scott; Petitioner was approved as successor on or about November 17, 2023; and Petitioner has refused to execute a lease. Respondent asserts that Petitioner's claims in this proceeding are identical to those she raised in the Supreme Court action, Bronx County Supreme Court index # 5994/2023, which was dismissed by Justice Guzman by Decision and Order dated June 16, 2025 that summarized Petitioner's claims as follows: Respondent failed to properly maintain the building and her apartment; Petitioner experienced health problems she attributed to conditions in the apartment; the water pipes posed a health hazard; conditions included chipping paint, flooding and mold in the bathroom; the bathroom ceiling fell in 2022; valuable items were ruined; and Respondent's employees harassed Petitioner through their actions of failing to return important documents to her, refusing to clean the hallway on her floor, sabotaging her ability to pay rent by placing a hold on her rent account, and sending letters regarding her storage unit. Respondent's agents further assert in their affirmations in support of the motion to dismiss that [*4]Petitioner refuses to allow Respondent's workers into the apartment, despite Respondent's extensive efforts to schedule access dates.
As to the subpoenas, Respondent argues they are unnecessary, irrelevant and not narrowly tailored as Petitioner did not list asbestos in her inspection request; Petitioner never filed a complaint with DHPD about asbestos; DHPD has not issued any violations for asbestos; and the subpoenas seek documents through the future date of June 9, 2026.
As to dismissal, Respondent argues the proceeding should be dismissed under CPLR R 3211(a)(5) as the parties already litigated the underlying allegations in the Supreme Court action, which was dismissed and now is on appeal, and Petitioner is precluded from re-litigating those issues under the doctrine of res judicata. Respondent also argues, in the alternative, that Petitioner's harassment claim under the New York City Tenant Protection Act should be dismissed under CPLR R 3211(a)(7) for failure to state a cause of action as the language of the anti-harassment statute specifically excludes from its coverage "a shareholder of record on a proprietary lease for a dwelling unit or those lawfully entitled to reside with such shareholder". NYC Admin Code § 27-2115(n). Respondent further argues that to the extent Petitioner is seeking correction of violations and/or civil penalties for Respondent's failure to correct violations, the case should be dismissed as Respondent has been ready, willing and able to inspect the conditions and make repairs at all relevant times but has been unable to do so because Petitioner has repeatedly refused to provide access.
In opposition, Petitioner identifies herself as "the legal rightful Shareholder/Primary Tenant, as of September, 2023 following a succession approved by the State of New York"; provides a definition of asbestos; references the "Toxic Substance Control Act" of 1976, the "Clean Air Act" of March 2024, and regulations of the Occupational Health and Safety Administration and the Consumer Product Safety Commission; and asserts that Respondent has been issued 208 violations by DHPD at her building, 33 of which are for conditions in her apartment, and Respondent has refused to "allow a transfer, to correct/repair the violations".
Petitioner argues that the motion should be denied as Respondent failed to serve it on her and she only received a copy when it was provided by the Court; her claim is only against Respondent and not against DHPD; Respondent is "in violation of continuous negligence of maintenance"; Respondent unlawfully commenced the nonpayment proceeding against her under LT-303785-25/BX which is barred by the legal doctrine of laches; Respondent violated a "Restraining Order" issued by Housing Court Judge Shahid in this proceeding "with an illegal 'FORCE ENTRY'" into her apartment; and one of Respondent's employees "Gang-stalked/ harassed" her at a local supermarket. Petitioner asks the Court to deny Respondent's motion and grant her a transfer.
Petitioner includes with her opposition papers a copy of a "Notice of Asbestos Abatement" at Co-op City, Bronx, New York 10475 to address "120,000 SF Per Building" of "Flooring Materials" in "Various Buildings/Various Apartments" during the period of June 9, 2025 — June 9, 2026, listing as the contractor, "Cutlass Industrial, Inc." with an address in Malverne, New York; a printout from DHPD's website showing 208 violations at 120 Benchley Place; a photograph of "chipping paint within my unit"; a copy of the first page of her Order to Show Cause in LT-303785-25/BX, returnable March 5, 2026 in Bronx Housing Court Part S; and two photographs from the incident in the local supermarket.
On reply, Respondent's attorney asserts that Housing Court Judge Shahid did not issue a "Restraining Order"; there is no stay in place in the nonpayment proceeding under LT-303785-[*5]25/BX; and Respondent denies any "gang-stalking" or harassment of Petitioner.
DISCUSSIONThe Court first will address Petitioner's claim that Respondent failed to properly serve her with a copy of its motion papers as she did not receive a copy by mail as asserted in Respondent's affidavit of service. Even if she did not receive a copy by mail, there is no prejudice to Petitioner as she acknowledged that she received a copy of the motion papers from the Court, filed opposition papers, and appeared for and presented argument in opposition to the motion. Accordingly, and pursuant to CPLR § 2001 which authorizes the Court to "permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded," see generally Ruffin v Lion Corp (15 NY3d 578, 915 NYS2d 204, 940 NE2d 909[2010]), the Court disregards any irregularity in the service of Respondent's motion. 
On a motion to dismiss under CPLR R 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail." Guggenheimer v Ginzburg (43 NY2d 268, 275, 401 NYS2d 182, 185, 372 NE2d 17, 20 [1977]), quoted in Polonetsky v Better Homes Depot, Inc (97 NY2d 46, 54, 735 NYS2d 479, 483, 760 NE2d 1274, 1278 [2001]); M & E 73-75, LLC v 57 Fusion LLC (189 AD3d 1, 5, 128 NYS3d 200, 204 [1st Dep't 2020]). The pleading is to be afforded a liberal construction, CPLR § 3026, its allegations are accepted as true, and the plaintiff (or petitioner) is accorded the benefit of every possible favorable inference. 511 W 232nd Owners Corp v Jennifer Realty Co (98 NY2d 144, 152, 746 NYS2d 131, 134, 773 NE2d 496, 499 [2002]).
Here, it is undisputed that the apartment is part of a residential housing cooperative, in a complex of buildings known as "Co-op City". Petitioner identifies herself as "the legal rightful Shareholder/Primary Tenant as of September 2023 following a succession approved by the State of New York", and Respondent acknowledges that Petitioner was granted succession rights to this co-op apartment. The New York City Tenant Protection Act — the City's anti-harassment statute for tenants — does not apply where a shareholder of record on a proprietary lease, "or those lawfully entitled to reside with such shareholder" resides in the dwelling unit. NYC Admin Code § 27-2115(n). Based on the facts presented, regardless of whether or not Petitioner signed the paperwork to finalize her succession rights to the apartment, she falls within this category of people who are excluded from filing claims under the New York City Tenant Protection Act. Accordingly, the harassment prong of this proceeding must be dismissed under CPLR R 3211(a)(7) for failure to state a cause of action.
To the extent the initiating papers in this proceeding seek an order directing the correction of violations,[FN1]
dismissal also is warranted. In her opposition to Respondent's motion [*6]Petitioner asserts that she only is suing Respondent Riverbay Corporation in this proceeding, "not 'The Department Of Housing Preservation and Development (HPD) falsely filed and headed on the respondent's motion." Petitioner's Opposition at p. 3, ¶ 9 [emphasis in original]. However, at its core, an HP Action is a proceeding to enforce the Housing Maintenance Code and critical to accomplishing that goal is DHPD's presence in the case as a party: it is DHPD that has the authority to place violations, and to seek imposition of civil penalties if violations are not corrected after reasonable access is provided.
In addition to indicating that she does not want DHPD to be a party to this proceeding, Petitioner made it clear on the record at various conferences that she is unwilling to schedule access dates for Respondent to make repairs until after Respondent transfers her to another apartment. On the record at oral argument on March 11, 2026, Respondent's counsel stated that Respondent is unwilling to transfer Petitioner to another apartment and DHPD's counsel stated that the violations recorded by DHPD do not provide a legal basis to require Respondent to relocate Petitioner.[FN2]
This Court's limited injunctive authority does not permit it to order such a transfer on the facts presented. See Broome Realty Assocs v Sek Wing Eng (182 Misc 2d 917, 918, 703 NYS2d 360, 361 [App Term 1st Dep't 1999]). While denial of access is not a defense to an order to correct Housing Maintenance Code violations, see D'Agostino v Forty-Three E Equities Corp (12 Misc 3d 486, 489-490, 820 NYS2d 468, 471 [Civ Ct NY Co 2006], aff'd on other grounds, 16 Misc 3d 59, 842 NYS2d 122 [App Term 1st Dep't 2007]), here, Petitioner has made it clear that she does not want the Court to issue an order to correct at this juncture.
That prong of Respondent's motion seeking to quash the subpoenas to Respondent's contractor "Cutlass Industrial, Inc." and "Safety & Health Regional Office"[FN3]
is moot, given that the case is being dismissed. Nevertheless, the Court will address Petitioner's concerns about the asbestos abatement being conducted at Co-op City. She raised this concern initially in paragraph 1 of her Petition - by including the word "asbestos" as item 1 on a list of "condition(s) presently existing in my apartment" - and then by including a copy of a "Notice of Asbestos Abatement" with her opposition papers, described in greater detail above. Petitioner asserts no other facts about this alleged condition and, as stated on the record by DHPD's counsel, that agency does not have authority to investigate or place violations regarding such a claim. Rather, Title 15 of the Rules of the City of New York, Chapter 1, establishes an "Asbestos Control Program" run by the New York City Department of Environmental Protection (NYC DEP), which is authorized to implement rules designed "to protect public health and the environment by minimizing the emission of asbestos fibers into the air of the City when buildings or structures with asbestos-containing material are renovated, altered, repaired, or demolished by ensuring that asbestos-containing material is handled appropriately and by individuals qualified to do so." See 15 [*7]RCNY §§ 1-01 et seq. 
Certainly, under Civil Court Act § 110(c) this Court has the authority to join other City agencies as parties to an HP Action "to protect and promote the public interest". See generally Schanzer v Vendome (7 Misc 3d 1018[A], 801 NYS2d 242 [Civ Ct NY Co 2005]). However, Petitioner has offered no proof that NYC DEP—an agency whose contact information is provided on the "Notice of Asbestos Abatement"—found asbestos-related violations in her apartment. Petitioner's subpoenas to the New York State Department of Labor (see fn 3, supra) and to Respondent's asbestos abatement contractor constitute an overly broad and impermissible discovery device, Mestel & Co v Smythe Masterson & Judd (215 AD2d 329, 329-30, 627 NYS2d 37, 38 [1st Dep't 1995]), and if this proceeding were not being dismissed the motion to quash those subpoenas would be granted.
There is no need to address either party's other arguments, given that Respondent's motion to dismiss is being granted for the reasons set forth above.
CONCLUSIONFor the reasons stated above, it is hereby ORDERED that Respondent's motion to dismiss is GRANTED, Respondent's motion to quash subpoenas is DENIED as moot, and this proceeding is DISMISSED. This constitutes the Decision and Order of the Court, which is being uploaded on NYSCEF and emailed to the unrepresented Petitioner.
Dated: March 17, 2026Diane E. Lutwak, HCJ

Footnotes

Footnote 1:This proceeding was commenced using the Court's form "Order to Show Cause Directing the Correction of Violations and for a Finding of Harassment and for a Restraining Order (H.P. Action)" and form "Verified Petition in Support of an Order to Show Cause (1) Directing The Correction of Violations (NYCCCA Section 110(a) and Administrative Code of the City of New York Section 27-2115) And (2) Requesting an Order Finding Harassment and Restraining Respondent(s) from Harassing Tenant(s)/Petitioner(s) (Section 27-2115 Administrative Code of the City of New York)".

Footnote 2:By comparison, where DHPD has placed a lead-based paint violation, NYC Admin Code 27-2056.11(a)(2)(ii), authorizes temporary relocation of apartment occupants "when work cannot be performed safely".

Footnote 3:The Court's internet research reveals that the "Safety & Health Regional Office" located in Room 157 at the State Office Campus in Albany, New York correlates to the "Asbestos Control Bureau" of the New York State Department of Labor: Safety & Health Regional Offices | Department of Labor