■ AVIS W. MARTIN, Individually and as Executrix of EUGENE C. MARTIN, Deceased, Appellant, v COUNTY OF MONROE et al., Respondents.—Order entered December 14, 1984 unanimously reversed, on the law, with costs, and motion granted. Appeal from order entered January 31, 1985 unanimously dismissed as moot. Memorandum: Plaintiff alleges that the negligence of several defendants, including Strong Memorial Hospital (Hospital), resulted in the death of her husband while

a patient at the Hospital. An autopsy performed at the Hospital indicated that one of the causes of death was "NONSPECIFIC CHRONIC ACUTE HEPATITIS WITH MICRONODULAR HEPATIC CIRRHOSIS COMPATIBLE WITH LONG TERM DANTROLENE THERAPY". After pretrial depositions had been substantially completed, plaintiff's attorney, in September 1984, forwarded to the Hospital an authorization form signed by plaintiff, together with a letter requesting "all of the autopsy slides or tissue recuts pertaining to the autopsy performed on Eugene C. Martin on 1/8/81". The autopsy slides were received from the Hospital by plaintiff's attorney on October 19, 1984. On November 2, 1984 the attorneys for the Hospital and defendant Clark filed and served a note of issue.

Plaintiff timely moved to strike the note of issue on the basis that plaintiff's expert had not yet completed review of the autopsy slides. In opposing the motion, defendants argued that plaintiff's counsel violated the Code of Professional Responsibility by communicating directly with the defendant Hospital in obtaining the autopsy slides rather than utilizing a notice to produce.

The court denied plaintiff's motion, ordered that the slides be returned to the Hospital, and directed plaintiff to turn over to all defendants a copy of her expert's "review" of the slides. Additionally, the court ordered that failure to "provide the autopsy slides and expert review" would result in plaintiff being precluded from offering any evidence at trial relating to the slides or autopsy findings. We reverse.

While the better practice would have been for plaintiff to proceed in her discovery by means of a notice to produce, her attorney received nothing from the Hospital that was not discoverable (see, Daniels v Sheffer, 56 AD2d 738). Indeed, the record indicates that long before plaintiff's attorney requested the desired material from the Hospital, the attorney for codefendant Wetterau had also obtained the autopsy slides from the Hospital by use of an authorization form signed by plaintiff.

The report prepared by plaintiff's expert is clearly material prepared for litigation and is exempt from disclosure (CPLR 3101 [d] [1]; Morrison v Ellis, 91 AD2d 1172). It was an abuse of discretion to order that plaintiff make it available to all defendants. The autopsy slides are now in the possession of the Hospital and are discoverable by all parties.

Finally, it was improper in the circumstances presented to impose upon plaintiff the sanction of preclusion for an alleged

violation by her attorney of the Code of Professional Conduct. (Appeals from orders of Supreme Court, Monroe County, Kennedy, J.—preclusion order; strike note of issue.) Present—Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.