(June 28, 1994)

■ WILLIAM H. LAMMERS, Respondent, v ELIZABETH F. LAMMERS, Appellant. [613 NYS2d 906] —Order, Supreme Court, New

York County (Lewis Friedman, J.), entered August 20, 1993, which, insofar as appealed from, awarded defendant $1,500 in interim counsel fees, and denied those portions of defendant's motion seeking to disqualify plaintiff's attorney and to strike the note of issue, unanimously modified, on the law and the facts, to the extent of increasing the award of interim counsel fees to $7,560, and disqualifying plaintiff's counsel, and otherwise affirmed, without costs.

We grant defendant-appellant's motion to increase the award of interim counsel fees. Nothing in the record undermines the reasonableness of the $7,560 that counsel asserts was incurred by defendant in order for counsel to revitalize defendant's case, review the voluminous documents in the file, prepare defendant's net worth statement, and prepare the instant motion. Derek Wolman, respondent's counsel on this appeal, represented appellant during the months of February, March and April of 1987, and concurrently represented her husband in connection with a conservatorship proceeding filed on April 1, 1987. Appellant alleges that Derek Wolman obtained confidential information from her that he later used in a Family Court proceeding against appellant to create the impression that appellant had separate property.

Although respondent's attorney denies having acquired any confidential information in the prior representation and downplays the significance of his representation as merely vacating a lis pendens, the record substantially supports appellant's allegations. Respondent's attorney charged appellant $6,693 for 46 hours of billable time that included more than two and one half hours of conferences with appellant. Appellant alleges that in the course of these conferences she divulged the information that she alleges was later used against her in the Family Court proceeding. Appellant "should not be burdened with the concern that the confidences which she imparted to her former attorney will be the subject of inquiry in this litigation" *(Matter of Mann,* 111 AD2d 652, 653). Any doubts as to the sufficiency of the showing of an asserted conflict of interest are to be resolved in favor of disqualification *(Schmidt v Magnetic Head Corp.,* 101 AD2d 268, 277). On this record, considering the issue of appellant's mental capacity, dismissal on the ground of laches is an abuse of discretion.

The appropriate remedy for the other errors defendant claims were made on this interim application is a speedy trial. Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.