THOMAS J. CAMPBELL, Respondent-Appellant, v ROBERT B. McKEON et al., Appellants-Respondents. VERITAS CAPITAL MANAGEMENT, L.L.C., et al., Respondents, v THOMAS J. CAMPBELL, Appellant. [905 NYS2d 589]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered November 28, 2008, which, to the extent appealed from, denied defendant Thomas J. Campbell's motion to disqualify Schulte Roth & Zabel LLP (SRZ) and one of its partners, Benjamin M. Polk, Esq., from representing the Veritas plaintiffs, and order, same court and Justice, entered February 2, 2009, which, to the extent appealed from, granted Campbell's motion to disqualify SRZ from representing defendant Robert McKeon, and denied Campbell's motion to disqualify SRZ from repre-

senting the Veritas defendants, unanimously affirmed, without costs.

Campbell and McKeon founded the Veritas entities, which are investment funds and management entities for the funds. McKeon was the majority member of the management entities and Campbell was a minority member. When McKeon and the Veritas entities parted ways with Campbell, the opposing sides brought these actions against each other. This appeal consolidates the review of orders deciding Campbell's motions, made in each action, to disqualify SRZ and Polk as legal counsel to the Veritas entities and McKeon.

The court correctly held, pursuant to rule 1.13 of the Rules of Professional Conduct (22 NYCRR 1200.0) (former Code of Professional Responsibility DR 5-109 [22 NYCRR 1200.28] [conflict of interest between an organizational client and an individual associated with such client]) that as counsel to the Veritas entities, SRZ and Polk could not also represent McKeon in an action in which his interests would be adverse to the Veritas entities and other members of the entities such as Campbell. Campbell's allegations include that McKeon violated fiduciary duties to the Veritas entities, including usurpation of an investment opportunity. Counsel for an organizational client is required to act as is reasonably necessary in the best interests of the client when an individual associated with the client may have violated legal duties which are likely to result in substantial injury to the organization. Any doubts as to the sufficiency of the showing of an asserted conflict of interest were properly resolved in favor of disqualification (*see Lammers v Lammers,* 205 AD2d 432, 433 [1994]).

The motion court also correctly held, pursuant to rule 1.9 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) (former Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)] [conflict of interest involving a former client]) that SRZ and Polk were not prohibited from representing the Veritas entities as against Campbell. On such motion to disqualify counsel, the moving party must prove, among other things, the existence of a prior attorney-client relationship between itself and opposing counsel (*see Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131 [1996]; *Pellegrino v Oppenheimer & Co., Inc.,* 49 AD3d 94, 97-98 [2008]). Campbell failed to establish the existence of an attorney-client relationship between himself, individually, and SRZ. The work SRZ performed was in connection with its representation of the various Veritas entities. A lawyer's representation of a business entity does not render the law firm counsel to an individual partner, officer,

director or shareholder unless the law firm assumed an affirmative duty to represent that individual (*see Polovy v Duncan*, 269 AD2d 111, 112 [2000]; *Omansky v 64 N. Moore Assoc.*, 269 AD2d 336, 336 [2000]; *Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 149 [1994], *affd* 87 NY2d 826 [1995]). Campbell failed to present cogent evidence establishing that Polk had agreed to or acted as his personal attorney. In his affidavit, Polk unequivocally denies any individual representation of Campbell. Consequently, Campbell's motion must also fail under rule 1.9 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0) (former Code of Professional Responsibility DR 5-108 [a] [2] [22 NYCRR 1200.27 (a) (2)] [use of confidential information disclosed by a former client]; *see Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 636-637 [1998]; *Pellegrino*, 49 AD3d at 98-99).

Finally, the motion court properly denied the motion as based on the advocate-witness rule (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [former Code of Professional Responsibility DR 5-102 (a) (22 NYCRR 1200.21 [a])]). The court correctly determined that Campbell failed to meet the heavy burden of establishing that Polk's testimony was necessary (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446 [1987]; *Talvy*, 205 AD2d at 152), since he failed to identify specific issues requiring Polk's testimony and to demonstrate the significance of the matters Polk would testify to, the weight of such testimony and the unavailability of other sources of such evidence (*S & S Hotel Ventures Ltd. Partnership*, 69 NY2d at 446). Concur—Andrias, J.P., Sweeny, Acosta and Richter, JJ.