11-100 (L)
Rossini v. Republic of Argentina

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of July, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             DEBRA ANN LIVINGSTON,
                              *Circuit Judges.*

─────────────────────────────────────────────────────

LAURA ROSSINI, SIMONETTA MONTANARI, CLAUDIO MORI,
ALFREDO PELLI, GRAZIELLA BERCHI, RUGGERO ROSSINI,
ANTOINIETTA GUISEPPINA BRIOSCHI, RAFFAELE ROSSINI,
GIUSEPPE SILVIO ROSSINI, MARINELLA SCALVI,

                              *Plaintiffs-Appellants*,

          -v-                                    11-100-cv (Lead)
                                                 11-900-cv (Con)

REPUBLIC OF ARGENTINA, THE PROVINCE OF BUENOS AIRES,

                              *Defendants-Appellees*,

BARCLAYS CAPITAL INC., BANK OF AMERICA, N.A.,
DEUTSCHE BANK SECURITIES, INC., AND CITIGROUP GLOBAL MARKETS, INC.,

                              *Appellees.*

─────────────────────────────────────────────────────

Appearing for Appellant:     Anthony J. Costantini, Duane Morris LLP (Suzan Jo, *on the brief*),
                             New York, N.Y.

Appearing for Appellees: Carmine D. Boccuzzi, Cleary Gottlieb Steen & Hamilton LLP (Jonathan I. Blackman, Christopher P. Moore, *on the brief*), New York, N.Y., *for Defendants-Appellees Republic of Argentina and Province of Buenos Aires*.

Lance Croffoot-Suede, Linklaters LLP (Titia Holtz, *on the brief*), New York, N.Y. *for Appellee Barclays Capital Inc*.

Karen E. Wagner, Davis Polk & Wardwell LLP (Matthew B. Rowland, *on the brief*), New York, N.Y. *for Appellee Citigroup Global Markets, Inc.*

Phillipe Zimmerman, Moses & Singer LLP, New York, N.Y. *for Appellee Deutsche Bank Securities, Inc.*

Barry J. Glickman, Zeichner, Ellman & Krause LLP, New York, N.Y. *for Appellee Bank of America, N.A.*

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Laura Rossini, Simonetta Montanari, Claudio Mori, Alfredo Pelli, Graziella Berchi, Ruggero Rossini, Antonietta Guiseppina Brioschi, Raffaele Rossini, Giuseppe Silvio Rossini, and Marinella Scalvi ("Appellants") appeal from two orders of the United States District Court for the Southern District of New York (Griesa, *J.*) entered December 23, 2010. The first order denied a motion by Appellants for a preliminary injunction enjoining the Republic of Argentina and the Province of Buenos Aires from seeking to sell or assist in the sale of their bonds, directly or indirectly, in the United States, without 30 days' advance notice to Appellants. The second order quashed subpoenas issued to defendants and Barclays Capital, Inc., Citigroup Global Markets, Inc., Deutsche Bank Securities, Inc. and Bank of America, N.A. (the "Banks") seeking information regarding past bond offerings of the Republic and the Province. On appeal, the Appellants argue the district court abused its discretion by declining to issue the requested injunction and by quashing the subpoenas. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Appellants - all Italian citizens - purchased bonds of both the Republic of Argentina and the Province of Buenos Aires on the United States securities markets. In 2002, both the Republic and the Province defaulted on their bond obligations. Appellants obtained judgments against the Republic and the Province in 2007, and seek to enforce those judgments. Numerous attempts to collect on the judgments have failed. *See, e.g., Aurelius Capital Partners, LP v. Republic of Argentina*, 584 F.3d 120, 124 (2d Cir. 2009).

Appellants allege that the defendants are accessing the United States securities markets by selling their securities to intermediaries in Argentina, and that those intermediaries then sell

2

the bonds to investors in the United States.  Appellants allege that the sales to the intermediaries are shams aimed at allowing the defendants to raise capital in the United States without satisfying the judgments outstanding against them.  Appellants allege the Province accessed the U.S. securities markets using this scheme three times, and that the Republic considered a similar arrangement but decided not to pursue it.  Appellants moved for a preliminary injunction that would require 30 days' advance notice of any new offering so that appellants could conduct discovery and oppose the new offering. Appellants also issued subpoenas to the defendants and the Banks, seeking information regarding the past bond offerings, including the names of potential investors who did and did not participate in the offerings, the dates and locations of meetings held in the United States, and agreements between the defendants and the Banks.

The district court declined to issue the preliminary injunction, and quashed the subpoenas, finding neither the injunction nor the subpoenas were reasonably calculated to identify assets that could be attached to satisfy the judgment.  This appeal followed.

We review a district court's denial of a preliminary injunction for abuse of discretion. *Lynch v. City of N.Y.*, 589 F.3d 94, 99 (2d Cir. 2009). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

A party seeking a preliminary injunction must show: (1) irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor.  *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).
When the movant seeks a "mandatory" injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo  -she must meet the more rigorous standard of demonstrating a "clear" or "substantial" likelihood of success on the merits.  *Id.* at n.4.

The crux of Appellants' argument is that the district court did not appreciate that it had the equitable power to issue the injunction.  Nothing in the record indicates the district court believed it could not issue the injunction.  Rather, a plain reading of the hearing transcripts indicates that the district court refused to issue the injunction because it did not see how it would aid the Appellants in collecting on their judgment.  The district court did not abuse its discretion in so finding, and in declining to issue the requested injunction.

Nor did the district court abuse its discretion in quashing the subpoenas. We review the district court's rulings regarding discovery for abuse of discretion.  *In re DG Acquisition Corp.*, 151 F.3d 75, 79 (2d Cir. 1998).  Fed. R. Civ. P. 69(a)(2) provides that a judgment creditor "may obtain discovery from any person-including the judgment debtor-as provided in these rules or by the procedure of the state where the court is located."  New York law provides in relevant part that "[a]t any time before a judgment is satisfied ... the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena . . . ."  NY CPLR § 5223 (Mckiney's 1998). While the scope of permissible discovery under the CPLR is broad, a creditor  must still show that the discovery sought "is relevant to the judgment debtor's income and property," especially when seeking discovery from non-parties.  Siegel,

3

Practice Commentaries, McKinney's Consol. Laws of N.Y., Book 7B, CPLR C5223:2. Similarly, under the Federal Rules of Civil Procedure, discovery is limited to 'any nonprivileged matter that is relevant.' Fed. R. Civ. P. 26(b)(1)(emphasis added).  It is not an abuse of discretion to limit discovery to that reasonably related to the discovery of attachable assets.  *See EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007).

Accordingly, the judgment of the district court hereby is AFFIRMED, with each side to bear its own costs.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4