■ 1010DATA, INC., Respondent, v FIRESTONE ENTERPRISES, INC., et al., Defendants/Counterclaim Plaintiffs-Appellants.

1010DATA, INC., et al., Counterclaim Defendants-Respondents.
[931 NYS2d 597]—

The motion court properly exercised its discretion (*see Harris v Sculco*, 86 AD3d 481 [2011]) in finding that plaintiff's attorney did not have a conflict with either his present or former client and was not a necessary witness.

The attorney's interest as a director and 2% owner of plaintiff did not pose an impediment and, in any event, any resulting conflicts were waived. Nor did the attorney's prior interests or small financial stake obtained in a later transaction constitute improperly acquired interests.

The circumstances do not show that the attorney had formerly represented Evan Firestone in either a 2003 transaction or with respect to a 2005 licensing agreement, since Firestone was on both occasions represented by his own counsel, acknowledged that in the 2003 matter his interests were adverse to the attorney's client's and in the 2005 matter the attorney had expressly told Firestone that he was uncomfortable representing him (*see Pellegrino v Oppenheimer & Co., Inc.*, 49 AD3d 94, 99 [2008]).

Nor did defendants carry their heavy burden of demonstrating that the attorney would be a necessary witness (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446 [1987]), since his testimony about a modification of Firestone's agreement was based on an announcement at a board meeting where others were present; his testimony regarding his statement about Firestone's not providing support to customers was not relevant to Firestone's at-will termination for which no relief was sought and was, in any event, already the subject of an e-mail in which the attorney denied making the statement; and, although the attorney had drafted and negotiated the agreement whose provisions are the basis of the instant dispute, Firestone failed to specify any ambiguity that would warrant, or even permit, interpretation by parol. Concur—Andrias, J.P., Sweeny, Acosta, Freedman and Manzanet-Daniels, JJ.