Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 23, 2013, which denied plaintiffs’ motion to disqualify Jeffrey P Shapiro, Esq. from serving as defendants’ co-counsel, unanimously affirmed, with costs.
The motion court providently exercised its discretion in denying plaintiffs’ motion to disqualify defendants’ co-counsel. Plaintiffs failed to meet their burden of showing that they had a prior attorney-client relationship with Mr. Shapiro which is fatal to a motion to disqualify under Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.7 (b) (see Solow v Grace & Co., 83 NY2d 303, 308 [1994]; Campbell v McKeon, 75 AD3d 479 [1st Dept 2010]). Contrary to plaintiffs argument, defendants’ counsel did not previously represent the plaintiffs in this action, rather, he represented defendant A-Data Technology of Latin America.
We also find that counsel’s testimony in this action is unessential and would be cumulative. Accordingly, disqualification is not warranted under the advocate-witness rule (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7; see Campbell, 75 AD3d at 481).
We have considered plaintiffs’ remaining contentions and find them unavailing. Concur — Mazzarelli, J.P, Sweeny, Moskowitz, Freedman and Clark, JJ. [Prior Case History: 2013 NY Slip Op 31649(U).]