■ ALLEN B. ROBERTS, Respondent, v LESLIE D. CORWIN et al., Appellants. [988 NYS2d 180]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 4, 2013, which denied defendants' motion to dismiss the complaint or, in the alternative, to disqualify plaintiff's counsel, and for discovery sanctions, unanimously affirmed, without costs. Order, same court and Justice, entered on

or about November 21, 2013, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants represented plaintiff, an attorney, at an arbitration hearing against his former law firm. On May 11, 2006, the arbitration panel issued an interim award, finding that plaintiff had failed to prove any damages, based in large part on the absence of expert testimony regarding the value of the law firm. Following the unfavorable interim award, plaintiff, with defendants' knowledge and agreement, hired a partner at his current law firm, Epstein Becker & Green (EBG), to assist in obtaining relief from the interim award, including trying to negotiate a settlement with plaintiff's former partners. While these negotiations proceeded, defendants were still actively representing plaintiff. Defendants characterize their relationship with EBG at the time as being co-counsels. The effort at settlement failed and on July 13, 2006, the arbitration panel issued a final award against plaintiff which incorporated in major part the unfavorable interim award. As a result, plaintiff was directed to pay hundreds of thousands of dollars in legal and other fees to his former law firm.

Defendants then filed a petition on plaintiff's behalf, seeking to vacate the arbitration award. In April 2007, the Supreme Court denied plaintiff's petition and the final award was confirmed. After the unfavorable interim award and as early as May 2006, plaintiff was also seeking advice from John Sachs, another attorney at EBG, about a potential malpractice action against defendants. A demand letter asserting a claim for malpractice based upon defendants' failure to disclose an expert witness, was sent by EBG to defendants in October 2007. In November 2009, EBG, acting as plaintiff's counsel, commenced the instant malpractice action against defendants.

Defendants' motion for sanctions, including dismissal of the complaint or the disqualification of EBG from continuing to represent plaintiff was denied, as was defendants' separate motion for summary judgment.

On appeal, defendants argue that EBG's undisclosed dual role in representing plaintiff as co-counsel with defendants in the underlying arbitration matter, while at the same time providing plaintiff with advice regarding the commencement of a legal malpractice claim against defendants, is unethical. They claim that because EBG surreptitiously developed a record against them while simultaneously acting as co-counsel in the arbitration, their rights in this malpractice action were substantially prejudiced. Defendants further claim that if they had known af-

ter the unfavorable interim arbitration award that plaintiff intended to bring a malpractice action against them, they would have been ethically obligated to cease their representation of plaintiff in the arbitration.

There is no disciplinary rule that expressly prohibited EBG from giving plaintiff legal advice about the feasibility of a malpractice action while at the same time working with defendants to obtain a better result for plaintiff in the arbitration matter, especially when it was clear to defendants that EBG was representing plaintiff's interests. While we share the motion court's concerns about EBG's failure to disclose that a malpractice action was being considered, those concerns do not support the sweeping remedies sought by defendants of either dismissing this action or disqualifying plaintiff's chosen counsel.

Dismissal of a complaint as a sanction is a penalty aimed to punish misconduct by a party to a litigation (*Lipin v Bender*, 84 NY2d 562, 572-573 [1994]). As with any sanction, however, dismissal of a complaint must be "commensurate with the particular disobedience it is designed to punish" (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc.*, 22 NY3d 877, 880 [2013] [internal quotation marks omitted]). It follows that dismissal of a complaint, which deprives a litigant of a determination on the merits of a claim, is a severe sanction generally warranted only in the most egregious of circumstances (*see e.g. Lipin v Bender*, 84 NY2d 562 [1994] [plaintiff's surreptitious removal of privileged and confidential defense documents from counsel's table during hearing before court referee warranted dismissal of her complaint]).

While disqualifying counsel is a lesser penalty than dismissal of a complaint, it carries with it the serious consequence that a party is deprived of the right to be represented by its choice of counsel, warranting a broader inquiry about whether it is an appropriate sanction for the offending conduct (*see Solow v Grace & Co.*, 83 NY2d 303, 309-310 [1994]; *S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.*, 69 NY2d 437, 443 [1987]). Although "[t]he right to counsel of choice is not absolute and may be overridden where necessary . . . [,] it is a valued right and any restrictions must be carefully scrutinized" (*id.*). Disqualification often turns on whether the conduct complained of results in actual, or a reasonable probability of unauthorized disclosure of confidential information (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123 [1996]; *Pellegrino v Oppenheimer & Co., Inc.*, 49 AD3d 94, 98 [1st Dept 2008]).

Defendants have not identified any particular information or confidence EBG gained after being brought into the arbitration

following the interim award. Moreover all confidential information or work product knowable in the arbitration matter belonged to plaintiff, not defendants. Plaintiff was free to disclose that information to EBG or any other attorney he might have hired to pursue a malpractice action against defendants. Thus, EBG's conduct did not involve the procurement of confidential or privileged information, and defendants failed to show any other basis for prejudice. We reject defendants' argument that EBG's nondisclosure prejudiced them because defendants would have withdrawn as counsel from the arbitration matter had they known plaintiff was considering suing them for malpractice. The adverse interim award, which was based in large part upon plaintiff's failure to call an expert witness to prove damages, and the communications with plaintiff thereafter, should have alerted defendants about potential malpractice exposure and possible conflicts in continuing to represent plaintiff.

We also reject defendants' argument, relying on our decision in *Matter of Weinberg* (132 AD2d 190 [1st Dept 1987], *lv dismissed* 71 NY2d 994 [1988]; *Matter of Beiny [Weinberg]*, 129 AD2d 126 [1st Dept 1987]), that there are circumstances where a counsel's conduct is so egregious that a court should impose the most severe sanctions, even in the absence of actual prejudice. The troubling conduct in this case does not rise to the level of the highly unethical conduct that we addressed in *Matter of Weinberg*. Further, there was actual prejudice in *Matter of Weinberg*, where the information surreptitiously obtained was confidential attorney client communications.

The motion court also properly denied spoliation sanctions. There is no showing on this record that plaintiff's failure to place a litigation hold on electronic data resulted in the destruction of any evidence, let alone key evidence necessary for the defense of this action (*see VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33, 47 [1st Dept 2012]). Plaintiff testified that he maintained a folder containing all the electronic documentation and that he had produced over 2,800 documents during discovery. Moreover, he has no history of willful noncompliance with discovery, and his attorneys subsequently produced additional emails in response to a subpoena that, inter alia, was different in scope from the demand served on him.

Sanctions were also properly denied in connection with plaintiff's failure to disclose a file maintained by his former counsel, who counseled him after the alleged acts of malpractice had occurred, since defendants failed to establish that the file contained discoverable documents that could affect their defense.

The court correctly denied defendants' motion for summary judgment since defendants failed to establish that, even in the absence of their alleged negligence, i.e. their failure to introduce expert testimony during the arbitration of plaintiff's partnership interest in his former law firm, plaintiff would not have prevailed at arbitration (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). They did not show that the arbitration panel's finding that plaintiff failed to prove impropriety in the dissolution and liquidation of the firm precluded an award of damages (*cf. Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1 [1st Dept 2008], *lv denied* 12 NY3d 715 [2009]). Indeed, in rejecting plaintiff's claim that respondents "looted" the firm, the arbitration panel noted that plaintiff had not shown that respondents' appraisal reports were materially inaccurate or presented any expert testimony in that regard. Concur—Mazzarelli, J.P., Renwick, Feinman, Gische and Kapnick, JJ.