Orders, Supreme Court, New York County (Debra A. James, J.), entered August 14, 2013, which, to the extent appealed from, granted nonparty Baird’s motion to quash three subpoenas duces tecum, denied plaintiffs’ cross motion to compel compliance with the subpoenas, and denied Baird’s motion to disqualify the Scher Law Firm as plaintiffs’ attorneys, unanimously affirmed, with costs.
Baird established that the materials sought by plaintiff judgment creditors from her and the two mortgage lenders on her individually owned properties are “utterly irrelevant to any proper inquiry” (Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 112 [1st Dept 2006]). Beyond seeking information relevant to the judgment debtors’ assets, the subpoenas improperly sought examination of the individual assets of Baird, who is not a judgment debtor (see Rossini v Republic of Argentina, 453 Fed Appx 22 [2d Cir 2011]; CPLR 5223). In addition, the subpoenas sought material relating to assets that Baird acquired significantly before the transaction that gave rise to the underlying action (see e.g. Robbins v National Dev. Corp., 100 AD2d 619 [2d Dept 1984], appeal dismissed 62 NY2d 940 [1984]).
Plaintiffs’ failed to substantiate their allegations of judicial bias by “pointing] to an actual ruling which demonstrates bias” (Yannitelli v Yannitelli & Sons Constr. Corp., 247 AD2d 271, 271 [1st Dept 1998] [internal quotation marks omitted], lv dismissed and denied 92 NY2d 875 [1998]).
Baird, who is not a party to this action, failed to show an
*646 attorney-client relationship between herself and the law firm (see Pellegrino v Oppenheimer & Co., Inc., 49 AD3d 94, 99 [1st Dept 2008]). She failed to show that the firm’s attorneys violated ethical rules of conduct (see e.g. Matter of Beiny [Weinberg], 129 AD2d 126, 141 [1st Dept 1987], lv dismissed 71 NY2d 994 [1988]). She failed to establish that the testimony of any of the attorneys was necessary (see Campbell v McKeon, 75 AD3d 479, 481 [1st Dept 2010]).
We have considered the parties’ remaining arguments for affirmative relief and find them unavailing.
Concur — Mazzarelli, J.E, Acosta, Freedman, Richter and Clark, JJ.