**14** DJEKOTA CURANOVIC et al., Appellants, v PETER CORDONE et al., Respondents. [33 NYS3d 409]—

In an action, inter alia, to recover damages for trespass, the plaintiffs appeal, by permission, from an order of the Supreme Court, Westchester County (DiBella, J.), entered June 22, 2015, which, after a hearing, denied their application to disqualify the defendants' attorney from representing the defendants.

Ordered that the order is affirmed, with costs.

The plaintiffs and the defendants are neighbors. They share a common driveway, which was a subject of the instant controversy.

The plaintiffs sued the defendants in 2007, and in 2009, a judgment was entered after trial dismissing the plaintiffs' claims. The plaintiffs appealed, and in 2015 this Court modified the judgment by adding a declaration that "the defendants' property is not subject to an easement in favor of the plaintiffs' property," and otherwise affirmed the judgment in favor of the defendants (*see Curanovic v Cordone*, 134 AD3d 978 [2015]).

Meanwhile, in 2011, the plaintiffs commenced the instant action, inter alia, to recover damages for trespass. In November 2014, the matter proceeded to trial before Justice Bellantoni and a jury. During the trial, the plaintiffs made an application to disqualify the attorney for the defendants, on the ground that the plaintiff Djekota Curanovic (hereinafter Curanovic) had spoken directly to the defendant Peter Cordone (hereinafter Cordone) about the matter in the presence of the defendants' attorney Carmine J. Carolei. After a Judicial Hearing Officer conducted a colloquy with Carolei with respect to disqualification, the plaintiffs' application was granted. Thereafter, the defendants requested a formal hearing, which was held before Justice DiBella.

At the hearing, the Curanovic testified that after a day of settlement negotiations, he went home and saw his neighbors, Cordone and the defendant Deborah Cordone, and their at-

torney Carolei, standing near the driveway. Cordone was pushing leaves from his property onto the plaintiffs' driveway, and Curanovic told him not to do that. Curanovic continued that conversation, advising Cordone that he damaged the driveway and "I have you on video." At that juncture, Carolei advised his client Cordone not to say anything, and to listen to what Curanovic had to say. Curanovic and Cordone discussed problems with water runoff between the two properties, which adversely affect the defendants' property. Carolei made several comments during the course of that conversation. At the conclusion of the hearing, the application was denied on the ground that the plaintiffs failed to prove grounds for disqualification.

"A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (*Campolongo v Campolongo*, 2 AD3d 476, 476 [2003]). The plaintiffs contend that disqualification is warranted here because the defendants' attorney violated rule 4.2 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), which provides that an attorney may not communicate with a represented party regarding the subject of the representation unless opposing counsel has consented or the communication is authorized by law, and rule 4.2 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), which provides that an attorney may not cause his or her client to communicate with a represented party without giving opposing counsel reasonable advance notice. Disqualification may be warranted where an attorney goes to a place, knowing that a represented adverse party will be physically present, and communicates with the adverse party (*see Matter of Carey v Carey*, 13 AD3d 1011, 1012 [2004]).

Here, the hearing testimony demonstrated that the conversation between Curanovic, the defendants, and Carolei did not involve confidential information. Rather, the conversation involved suggested settlements which had previously been discussed, as well as general statements of the type of evidence that would be admitted at trial, including videotapes and photographs previously exchanged as part of the discovery process. The plaintiffs submitted no proof that the discussion—which apparently related to information that would have or should have already been known to all parties—was confidential. Further, if the information had been confidential, it was no longer confidential after Curanovic communicated that information directly to Cordone, within hearing of Cordone's wife, the defendant Deborah Cordone.

In addition, the hearing testimony demonstrated that Carolei did not cause his clients to communicate with Curanovic. Rather, Carolei was discussing the case with his clients on or near his clients' property, and Curanovic chose to join their conversation.

Accordingly, the plaintiffs failed to establish a basis for disqualification.

The plaintiffs' remaining contention is without merit. Chambers, J.P., Dickerson, Hinds-Radix and Connolly, JJ., concur.