Black Rhino Invs. LLC v Wilson (2018 NY Slip Op 02582)





Black Rhino Invs. LLC v Wilson


2018 NY Slip Op 02582


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Sweeny, J.P., Renwick, Mazzarelli, Kahn, Gesmer, JJ.


653736/16 6304NA 6304N

[*1] Black Rhino Investments LLC, et al., Plaintiffs-Respondents,
v
John P. Wilson, Defendant-Appellant.


Victor M. Serby, Woodmere, for appellant.
Lowenstein Sandler LLP, New York (Jeffrey J. Wild of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 10, 2017, which granted plaintiffs' motion to compel arbitration, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered March 10, 2017, which, to the extent appealed from as limited by the briefs, denied defendant's motion to disqualify plaintiffs' counsel, unanimously affirmed, without costs.
Plaintiffs commenced this action upon an alleged oral agreement entered into in October 2015 involving the ownership of plaintiff Black Rhino and the licensing of defendant's intellectual property. Upon defendant's motion to dismiss the complaint, plaintiffs claimed for the first time that the controversy had to be arbitrated, pursuant to a separate agreement entered into in April 2015 involving services to be performed for Black Rhino by plaintiff Levitt. We find that plaintiffs waived their right, if any, to arbitration (see Cusimano v Schnurr, 26 NY3d 391, 400-401 [2015]; Louisiana Stadium & Exposition Dist. v Merrill Lynch, Pierce, Fenner & Smith Inc., 626 F3d 156, 159 [2d Cir 2010]).
Supreme Court correctly concluded that counsel retained to represent Black Rhino did not represent defendant individually (see Campbell v McKeon, 75 AD3d 479, 480-481 [1st Dept 2010], citing, inter alia, Talvy v American Red Cross in Greater N.Y., 205 AD2d 143, 149 [1st Dept 1994], affd 87 NY2d 826 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK