Matter of Segal v Five Star Elec. Corp. (2018 NY Slip Op 07277)





Matter of Segal v Five Star Elec. Corp.


2018 NY Slip Op 07277


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7499N 651745/18

[*1] In re Gary Segal, Petitioner-Respondent,
v
Five Star Electric Corporation, et al., Respondents-Appellants.


Frankfurt Kurnit Klein & Selz PC, New York (Nicole I. Hyland of counsel), for appellants.
Mintz & Gold LLP, New York (Steven G. Mintz of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 3, 2018, which granted petitioner's motion to disqualify respondents' counsel in a separate arbitration, unanimously reversed, on the law and the facts, without costs, and the motion denied.
Petitioner, who was CEO of respondent Five Star Electric Corporation during the relevant period, has not established that Five Star's counsel, Daniel Horwitz, represented him personally in connection with certain government investigations into Five Star's business practices (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 562 [2009]; Gregor v Rossi, 120 AD3d 447, 448 [1st Dept 2014]; Campbell v McKeon, 75 AD3d 479, 480-481 [1st Dept 2010]). Petitioner's subjective belief that Horwitz was his personal attorney was not reasonable under the circumstances and did not give rise to an attorney-client relationship (Pellegrino v Oppenheimer & Co., Inc., 49 AD3d 94, 100-101 [1st Dept 2008]).
Petitioner fails to identify any personal confidential information obtained by respondents' counsel (Roberts v Corwin, 118 AD3d 571, 573 [1st Dept 2014]; Roddy v Nederlander Producing Co. of Am., Inc., 96 AD3d 509, 510 [1st Dept 2012]), or how any such information would not be discoverable after having been exchanged pursuant to the parties' lapsed joint defense agreement.
Petitioner has not met his heavy burden of establishing that the testimony of Five Star's former general counsel, Robert Saville, is necessary rather than cumulative, as required for his disqualification under the advocate-witness rule (Orbco Advisors LLC v 400 Fifth Realty LLC, 134 AD3d 448 [1st Dept 2015]; 1010Data Inc. v Firestone Enters., Inc., 88 AD3d 627, 628 [1st Dept 2011]; Talvy v American Red Cross in Greater N.Y., 205 AD2d 143, 152 [1st Dept 1994], affd 87 NY2d 826 [1995]; Rules of Professional Conduct, rule 3.7 [22 NYCRR 1200.00]). Neither did petitioner identify specific issues requiring Saville's testimony, the weight of such testimony, or the unavailability of other sources of such evidence (Campbell v McKeon, 75 AD3d at 481).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK