Harris v Erie County Med. Ctr. Corp. (2019 NY Slip Op 06352)





Harris v Erie County Med. Ctr. Corp.


2019 NY Slip Op 06352


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


733.2 CA 19-00042

[*1]DEAHANN HARRIS, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF RODNEY HARRIS, DECEASED, PLAINTIFF-RESPONDENT-APPELLANT,
v
ERIE COUNTY MEDICAL CENTER CORPORATION, DEFENDANT, RIFFAT SADIQ, M.D., JANICE M. VALENCOURT, RNFA, WNY MEDICAL, P.C., AND GERIATRIC ASSOCIATES, LLP, ALSO KNOWN AS ACUTE GERIATRIC SERVICES, DEFENDANTS-APPELLANTS-RESPONDENTS. (APPEAL NO. 2.) 






GIBSON MCASKILL & CROSBY, LLP, BUFFALO (MELISSA L. ZITTEL OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
GROSS SHUMAN P.C., BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 2, 2019. The order, inter alia, granted the motion of defendants-appellants-respondents for leave to renew a prior motion and, upon renewal, precluded any further testimony by a nonparty witness. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion of defendants Riffat Sadiq, M.D., Janice M. Valencourt, RNFA, WNY Medical, P.C. and Geriatric Associates, LLP, also known as Acute Geriatric Services, that sought preclusion of further testimony of the nonparty witness and by directing that the deposition of the nonparty witness may be retaken upon notice to all parties and the attorney for the witness, that the cost of the transcript associated with that deposition be borne by plaintiff's attorney, and that costs in the amount of $100 are to be paid by plaintiff's attorney to those defendants and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for alleged medical malpractice in the diagnosis and treatment of her husband, Rodney Harris (decedent), who died three days after having ankle surgery. During discovery proceedings, plaintiff's attorney sought to depose a nonparty witness, a board certified nurse practitioner who was part of the "rapid response" medical team that treated decedent the day he died. In attempting to locate the witness, plaintiff's attorney contacted an insurance company and was told that "this matter is going to be handled by [another attorney]," who would contact plaintiff's attorney once he received the assignment. When that other attorney subsequently provided plaintiff's attorney with the witness's address, plaintiff's attorney informed the other attorney that the witness had contacted plaintiff's attorney that day.
Although he had been informed that the other attorney would "handle" the matter for the witness, plaintiff's attorney nevertheless engaged in two conversations directly with the witness and deposed that witness outside the presence of the attorney assigned to "handle" the matter by the insurance company. During that deposition, the witness stated that her former employer had contacted her and informed her that she could request legal representation. She further testified [*2]that she had "declined legal representation."
Defendants Riffat Sadiq, M.D., Janice M. Valencourt, RNFA, WNY Medical, P.C., and Geriatric Associates, LLP, also known as Acute Geriatric Services, (collectively, defendants) moved pursuant to CPLR 3103 to, among other things, disqualify plaintiff's attorney and strike the deposition of the witness. The witness also joined in defendants' request to strike her testimony. Upon finding that plaintiff's attorney had violated rules 4.2 (a) and 4.4 of the Rules of Professional Conduct (22 NYCRR 1200.0), Supreme Court, in the order in appeal No. 1, granted the motion in part by striking the deposition testimony of the witness, directing plaintiff's attorney to pay for the cost of the transcript associated with a new deposition of the witness, directing plaintiff's attorney to disclose all documents related to any conversations or communications with the witness, and ordering plaintiff's attorney to pay costs to defendants. Defendants thereafter appealed.
In accordance with the order in appeal No. 1, plaintiff's attorney disclosed certain notes relating to his conversations with the witness. Six months later, plaintiff's attorney disclosed additional notes summarizing a conversation he had with the witness the day before her deposition regarding the substance of her upcoming deposition testimony. Thereafter, the witness's attorney and defendants each moved for leave to renew the earlier motion, contending that the delayed disclosure and the new evidence of substantive conversations between plaintiff's attorney and the witness justified disqualifying plaintiff's attorney and precluding any further testimony from the witness. In the order in appeal No. 2, the court, inter alia, granted the motions to renew and, upon renewal, precluded any further testimony from the witness. Defendants appeal from that part of the order denying their motion to disqualify plaintiff's attorney, and plaintiff cross-appeals from that part of the order precluding any further testimony from the nonparty witness.
As a preliminary matter, we note that the order in appeal No. 2, insofar as appealed from, "superseded the original order on this appeal, and the appeal from the original order must be dismissed" (Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]). We therefore dismiss the appeal from the order in appeal No. 1.
Contrary to defendants' contention in appeal No. 2, we conclude that the court did not err in denying defendants' renewed request to disqualify plaintiff's attorney. "Disqualification of a party's chosen counsel . . . is a severe remedy which should only be done in cases where counsel's conduct will probably taint the underlying trial' " (Mancheski v Gabelli Group Capital Partners, Inc., 22 AD3d 532, 534 [2d Dept 2005]; see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443-445 [1987]; Roberts v Corwin, 118 AD3d 571, 573 [1st Dept 2014]). Here, although plaintiff's attorney improperly engaged in conversations with an allegedly represented nonparty witness, delayed in providing notes regarding one of those conversations, and allegedly misrepresented the nature of one of the conversations, we reject defendants' contentions that plaintiff's attorney has gained any unfair advantage requiring his disqualification.
Generally, a violation of the Rules of Professional Conduct, while relevant to the issue whether the attorney's continued participation will taint a case, is not, in and of itself, sufficient to warrant disqualification (see Morin v Trupin, 728 F Supp 952, 956-957 [SD NY 1989]; Matter of Essex Equity Holdings USA, LLC [Lehman Bros. Inc.], 29 Misc 3d 371, 375 [Sup Ct, NY County 2010]). Based on our review of the records in appeal Nos. 1 and 2, we cannot conclude that plaintiff's attorney obtained any information that he could not have otherwise obtained in the ordinary course of discovery (see e.g. Coast to Coast Energy, Inc. v Gasarch, 77 AD3d 589, 589 [1st Dept 2010]; Radder v CSX Transp., Inc., 68 AD3d 1743, 1746 [4th Dept 2009]; Levy v Grandone, 8 AD3d 630, 631 [2d Dept 2004], lv dismissed 5 NY3d 746 [2005], rearg denied 5 NY3d 850 [2005]; cf. Lipin v Bender, 84 NY2d 562, 570-571 [1994], rearg denied 84 NY2d 1027 [1995]). Any improper testimony from the witness at her first deposition would be inadmissible at trial, and we doubt that any knowledge plaintiff's attorney acquired regarding the witness's inadmissible opinions would lead the attorney to develop a novel theory of the case or to uncover otherwise undiscovered information. We thus conclude that disqualification of plaintiff's attorney was not "necessary in order to rectify the situation and to prevent the offending [attorney] from realizing any unfair advantage" from his conduct (Matter of Kochovos, 140 AD2d 180, 181-182 [1st Dept 1988]; see Curanovic v Cordone, 140 AD3d 823, 824 [2d [*3]Dept 2016]; Roberts, 118 AD3d at 574; cf. Matter of Beiny [Weinberg], 129 AD2d 126, 143-144 [1st Dept 1987], lv dismissed 71 NY2d 994 [1988]).
We agree with plaintiff, however, that the court abused its discretion in precluding further testimony from this highly relevant witness (see generally Radder, 68 AD3d at 1745). Assuming, arguendo, that the witness was represented by counsel despite her statement that she "declined legal representation," we conclude that defendants' claims of prejudice are exaggerated. Any prejudice relating to the purportedly new evidence—i.e., evidence that plaintiff's attorney discussed the substance of the witness's testimony before the deposition—will be alleviated by the original remedy of striking the initial deposition. Moreover, it does not appear that the witness divulged privileged information, and most, if not all, of her testimony would have been obtained in the normal course of discovery (see DiMarco v Sparks, 212 AD2d 965, 965 [4th Dept 1995]; see also Gutierrez v Dudock, 276 AD2d 746, 746 [2d Dept 2000]). Defendants have "failed to demonstrate prejudice to a substantial right" warranting preclusion of the witness's testimony (Matter of Jones, 47 AD3d 931, 933 [2d Dept 2008]) and have not established that the remedy fashioned by the court in the order in appeal No. 1 was insufficient "to restore the status quo prior to the unauthorized disclosure" (Beiny, 129 AD2d at 138; see Kirby v Kenmore Mercy Hosp., 122 AD3d 1284, 1285 [4th Dept 2014]) or "to preserve the integrity of the judicial process" (Cippitelli v Town of Niskayuna, 203 AD2d 632, 633 [3d Dept 1994]; cf. Beiny, 129 AD2d at 141). We thus conclude that it would be "improper in the circumstances presented to impose upon plaintiff the sanction of preclusion for an alleged violation by her attorney of the [Rules] of Professional Conduct" (Martin v County of Monroe, 115 AD2d 990, 991-992 [4th Dept 1985]).
We therefore modify the order in appeal No. 2 by denying that part of defendants' motion seeking to preclude further testimony from the nonparty witness and by directing that the deposition of the nonparty witness may be retaken upon notice to all parties and the attorney for the witness, that the cost of the transcript associated with that deposition be borne by plaintiff's attorney, and that costs in the amount of $100 be paid by plaintiff's attorney to defendants.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court