Matter of E.M. v G.M. (2024 NY Slip Op 50095(U))

[*1]

Matter of E.M. v G.M.

2024 NY Slip Op 50095(U)

Decided on January 29, 2024

Family Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 29, 2024
Family Court, New York County

In the Matter of a Custody and Visitation Proceeding 
 Under Article 6 of the Family Court Act E.M., Petitioner,

against
G.M., Respondent.

Docket Nos. V-04881-21, V-08538-22

Kristin Stacy Kimmel (AFC)
Elliot Robert Podhorzer (for EM)
Gustavo Medina (for GM)

Hasa A. Kingo, J.

The following papers numbered 1 to 3 were read on this motion:
Papers:/No(s)./Exhibits
Order to Show Cause 1
Affirmation of Kristin Kimmel, Esq. in Support 2-3 A
In this custody and visitation proceeding brought under Article 6 of the Family Court Act, attorney for the child Kristin Kimmel, Esq. (the "AFC") moves for an order disqualifying G.M., Esq. ("Mr. M"), Petitioner's father and the child's grandfather, from representing petitioner G.M. ("Petitioner") in this proceeding. No opposition to the motion was received. Upon review of the motion papers listed above and the court file, the motion is granted.
 Background
Petitioner and respondent E.M. ("Respondent") are the parents of a child, born XX XX, 2009, who is the subject of this proceeding (the "child"). On September 29, 2021, Petitioner filed a petition for custody of the child. At the commencement of the proceeding, Petitioner was represented by retained counsel. On March 4, 2022, the AFC was assigned to represent the child. Respondent is represented by counsel assigned by the court. After the AFC was assigned, all counsel engaged in settlement discussions and made progress towards reaching an agreement between the parties.
On March 23, 2023, Petitioner's former counsel filed a motion to be relieved. The motion was granted and the attorney was relieved. At an appearance before the court on March 30, 2023, Petitioner appeared with new counsel, Mr. M. Mr. M is Petitioner's father and the child's grandfather. The AFC objected to Mr. M serving as Petitioner's counsel due to his relationship with the child, his grandchild, but the court did not relieve Mr. M at that time.
The following day, the AFC sent an email to Mr. M advising him that he did not have permission to speak with the child outside of the AFC's presence about "any matter related to this proceeding, including, but not limited to, the following: the time she spends or is anticipated to spend with either parent; the quality of or any details about her relationships with them; her wishes with respect to custody and visitation, now and/or in the future; her relationships with extended maternal and paternal family (including yourself); vacation time with either/both parent and/or maternal or paternal family (including yourself); school breaks, vacations, and summer vacation plans; and in any other way, including expressing your personal feelings, about the pending custody and visitation proceedings" (Kimmel aff., Exhibit A). Mr. M did not respond to the email. Since that time, Mr. M has continued to maintain a personal relationship with the child and to spend time with the child and Petitioner. There is no indication to the court that Mr. M has in any way refrained from communication or personal interaction with the child.
The AFC now moves, by order to show cause, for an order disqualifying Mr. M from representing the child due to their familial connection, conflict of interest, and pursuant to New York Rules of Professional Conduct rules 4.2 and 3.7. The order to show cause was signed on January 12, 2024, and the court emailed a copy of the order to all counsel on January 17, 2024. The order to show cause directed that any responsive papers shall be submitted to the court no later than January 26, 2024, at 12:00 p.m. by filing and by email to the court. No responses were received.

 Discussion
"The disqualification of an attorney is a matter which rests within the sound discretion of the court (Cardinale v Golinello, 43 NY2d 288, 292 [1977]; Flores v Willard J. Price Assocs., LLC, 20 AD3d 343, 344 [2d Dept 2005]). A party's right to be represented by the counsel of their choosing is a valued right that should not be abridged absent a clear showing that disqualification is warranted (Eisenstadt v Eisenstadt, 282 AD2d 570, 570 [2d Dept 2001]). In [*2]determining whether to disqualify counsel, "the court must carefully balance the interest of a client to be represented by the attorney of his choice and the interest of the opposing party to be free from any risk or opposition by an attorney who has been privy to that litigant's confidences" (R.M. v E.M., 64 Misc 3d 304, 307-308 [Sup Ct, Nassau Co. 2019], citing Cardinale v Golinello, 43 NY2d 288, 294 [1977]; Saftler v Government Empls. Ins. Co., 95 AD2d 54 [1st Dept 1983]; Gordon v Ifeanyichukwu Chuba Orakwue Obiakor, 117 AD3d 681 [2d Dept 2014]).
Rule 4.2 of the New York Rules of Professional Conduct states the following, in relevant part:
Rule 4.2: Communication with person represented by counsel.
(a) In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.
(b) Notwithstanding the prohibitions of paragraph (a), and unless otherwise prohibited by law, a lawyer may cause a client to communicate with a represented person unless the represented person is not legally competent, and may counsel the client with respect to those communications, provided the lawyer gives reasonable advance notice to the represented person's counsel that such communications will be taking place.
(22 NYCRR 1200.0).
Here, Petitioner's counsel is a member of the child's family and maintains a relationship with the child as her grandfather. The AFC asserts that, during his representation, Mr. M has had numerous private, familial interactions with the child and has observed numerous private, familial interactions between the child and Petitioner. Certainly, at least one such interaction was memorialized in the court record when, in an appearance before the court on October 3, 2023, Petitioner advised the court that he and Mr. M attended a New York Mets game together with the child. Mr. M did not seek or obtain consent of the AFC for this communication with the child (Kimmel aff. ¶ 11). Rather, the AFC had specifically advised Mr. M that he did not have permission to observe any interaction between their client, the child, and her father outside of counsel's permission or presence (Kimmel aff., Exhibit A).
At the March 30, 2023, appearance before the court, Mr. M represented that he did not believe that his representation of Petitioner raised any conflict of interest because his interests are aligned with Petitioner's interests. Nevertheless, Rule 4.2 applies both to Petitioner and to the child, who is also represented by counsel in this proceeding. By virtue of his representation of Petitioner in this matter, Mr. M's right to communicate with the child is limited by Rule 4.2. As observed by the Supreme Court in considering an analogous scenario, "a child who may not be privy to or fully understand all of the issues involved in the litigation may not recognize if and when pleasantries turn into communications involving the subject of representation" (R.M. v E.M., 64 Misc 3d at 309), and the child should not "be burdened with the risk that the litigation will be discussed when interacting with the plaintiff's attorney in the absence of his attorney" (id.). Nor should the child suffer potential negative impact of the child having a family member advocate for one parent over the other (id.) or be deprived of healthy contact with a grandparent due to their professional involvement in the litigation. Considering these factors, disqualification is appropriate (see also Curanovic v Cordone, 140 AD3d 823, 824 [2d Dept 2016]["Disqualification may be warranted where an attorney goes to a place, knowing that a represented adverse party will be physically present, and communicates with the adverse [*3]party"]).
Disqualification is also appropriate due to Rule 3.7 of the New York Rules of Professional Conduct. Rule 3.7 states, in relevant part:
Rule 3.7: Lawyer as witness.
(a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
(1) the testimony relates solely to an uncontested issue;
(2) the testimony relates solely to the nature and value of legal services rendered in the matter;
(3) disqualification of the lawyer would work substantial hardship on the client;
(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
(5) the testimony is authorized by the tribunal.
(22 NYCRR 1200.0).
A child's relationship and interactions with each parent are integral factors for the court to consider in making a determination regarding the best interests of the child, which is the focus of a custody proceeding (Eschbach v Eschbach, 56 NY2d 167, 171 [1982]["Any court in considering questions of child custody must make every effort to determine what is for the best interest of the child, and what will best promote its welfare and happiness"]). It is indisputable that grandparents are often called as witnesses in custody cases to testify regarding a parent's care and custody of the subject child because of their personal knowledge of interactions between the parent and child. By observing interactions between Petitioner and the child, Mr. M has personal knowledge of relevant information and could be called as a witness at trial. Therefore, disqualification is appropriate, and the motion is granted.
Accordingly, it is
ORDERED that the motion is granted and Mr. M, Esq. is hereby disqualified from representing petitioner G.M. in the present action, effective immediately; and it is further
ORDERED that any new counsel retained by petitioner shall file a notice of appearance and email same to the court at NYFC-PART9@nycourts.gov forthwith.
This constitutes the order and decision of the court.
Dated: January 29, 2024
New York, New York
Hon. Hasa A. Kingo, J.F.C.